```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :   ORDER APPOINTING
UNITED STATES OF AMERICA,            :   RECEIVER

          -v.-                       :
                                         05 Cr. 1036 (CM)
DANIEL E. MARINO,                    :

               Defendant.            :

------------------------------------x

UNITED STATES OF AMERICA,            :

          -v.-                       :   05 Cr. 1039 (SCR)

SAMUEL ISRAEL III,                   :

               Defendant.            :

------------------------------------x
```

WHEREAS, on October 19, 2005, and October 20, 2005, the Court entered Preliminary Orders of Forfeiture as to Daniel E. Marino, the defendant, and Samuel Israel III, the defendant, respectively (the "Preliminary Orders") (copies of which are attached hereto as Exhibit A), final as to the defendants, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Fed. R. Crim. P. 32.2(b)(1);

WHEREAS, the Preliminary Orders, *inter alia*, forfeited all right, title and interest of the defendants in specific property which constitutes proceeds traceable to the offenses, and property traceable to such property, including "[a]ll right, title and interest of the defendants in any entities or partnerships, including but not limited to, IM Partners and IMG

LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant[s]" (the "Forfeited Property");

WHEREAS, the Preliminary Orders further authorized the United States Marshals Service ("USMS") to take possession of the Forfeited Property and to hold it in its secure custody and control;

WHEREAS, following entry of an order of forfeiture, upon application of the United States and pursuant to 21 U.S.C. § 853(g), the Court is authorized to take appropriate action, including the appointment of a receiver, to protect the interest of the United States in the property ordered forfeited;

WHEREAS, the appointment of a Receiver in the above-captioned cases would expedite the liquidation of the Forfeited Property by the United States Marshals Service and maximize its potential value for the eventual benefit of victims of the fraud;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   Pursuant to 21 U.S.C. § 853(g), Kroll, Inc. ("Kroll") is hereby appointed as Receiver to assist the USMS in the above-captioned cases.  At and under the direction of the USMS, the Receiver is authorized and directed to assist in (i) effecting the liquidation of the Forfeited Property, including but not limited to, private placements and other investments of partnerships; (ii) transferring stock; (iii) seeking stays of

civil litigation affecting Forfeited Property; and (iv) collecting loans and purported loans made by the defendant(s) and/or any entities or partnerships held by or for the benefit of the defendant(s).

  2. This Order shall be effective until further order of the Court.

Dated: White Plains, New York
    January 6, 2006

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge

# Exhibit A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,           :   PRELIMINARY ORDER OF
                                        FORFEITURE/FINAL ORDER OF
         -v.-                       :   FORFEITURE AS TO
                                        SAMUEL ISRAEL III
SAMUEL ISRAEL III,                  :
                                        05 Cr. 1039 (SCR)
              Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - x

            WHEREAS, on September 29, 2005, the defendant SAMUEL ISRAEL III (the "defendant") was charged in Information 05 Cr. 1039 (the "Information") with conspiracy to commit investment adviser fraud and mail fraud, in violation of 18 U.S.C. § 371 (Count One); investment adviser fraud, in violation 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); and mail fraud, in violation of 18 U.S.C. § 1341 (Count Three);

            WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts One and Three of the Information, to wit, a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the conspiracy and mail fraud offenses alleged in this Information, for which the defendant and his co-conspirators are jointly and severally liable, with said sum including, but not limited to, all right, title and interest

of the defendant in the following, and all property traceable thereto:

    a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

    b.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

    c.    Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

WHEREAS, on September 29, 2005, the defendant pleaded guilty to the three-count Information. In a letter pursuant to the suggestion of the Court in <u>United States</u> v. <u>Pimentel</u>, 932 F.2d 1029, 1034 (2d Cir. 1991), the Government advised that (i) with respect to the offenses charged in Counts One and Three, criminal forfeiture of all property constituting or derived from proceeds traceable to the commission of the offenses is mandatory pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; (ii) at present, the Government believes that this is an amount not less than $450,000,000; and (iii) the specific property subject to forfeiture, as property constituting or derived from proceeds traceable to the commission of the offenses, includes, but is not limited to, the following:

    a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633 (the "Arizona Seized Funds");

2

   b. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

   c. Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant,

(the "Specific Property Listed in the Information");

  WHEREAS, the defendant consents to the forfeiture of all of his right, title and interest in the Specific Property Listed in the Information as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property;

  WHEREAS, the Government has applied for a Preliminary Order of Forfeiture as to the following properties (without prejudice to a further application for an Amended Preliminary Order which includes a money judgment and all of the Specific Property Listed in the Information):

   a. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

   B. Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant,

(the "Forfeited Property").

  NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the defendant's guilty plea and his consent to the forfeiture of his interest in the Specific Property Listed in the Information as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property, the Court finds that the defendant shall forfeit all of his right, title and interest in the Forfeited Property, as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property. Should the Government apply for and the Court enter an amended preliminary order finding that the defendant is also liable for a personal money judgment, and/or additional property, the Forfeited Property shall be credited toward the money judgment.

2. IT IS FURTHER ORDERED THAT all of the defendant's right, title and interest in the Forfeited Property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

3. The United States is hereby authorized to take possession of the Forfeited Property and to hold such Forfeited Property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Forfeited Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Forfeited Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeited Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21

U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant SAMUEL ISRAEL III, shall be made part of the sentence of the defendant SAMUEL ISRAEL III, and shall be included in the judgment of conviction therewith.

9. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Margery B. Feinzig, 300 Quarropas Street, White Plains, New York, 10601.

Dated:   White Plains, New York
         October 19, 2005

SO ORDERED:

_____
HONORABLE STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,           :   PRELIMINARY ORDER OF
                                        FORFEITURE/FINAL ORDER OF
        -v.-                        :   FORFEITURE AS TO
                                        DANIEL E. MARINO
DANIEL E. MARINO,                   :
                                        05 Cr. 1036 (CM)
                Defendant.          :

------------------------------------x

        WHEREAS, on September 29, 2005, the defendant DANIEL E. MARINO (the "defendant") was charged in Information 05 Cr. 1036 (CM) (the "Information") with conspiracy to commit investment adviser fraud, mail fraud and wire fraud, in violation of 18 U.S.C. § 371 (Count One); investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); mail fraud, in violation of 18 U.S.C. § 1341 (Count Three); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Four);

        WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts One, Three and Four of the Information, to wit, a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the mail fraud, wire fraud and conspiracy offenses alleged in this Information for which the defendant and his co-conspirators are jointly and

severally liable, with said sum including, but not limited to, all right, title and interest of the defendant in the following, and all property traceable thereto:

    a.   Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

    b.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 261 Bayberry Lane, Westport, Connecticut, Q6880;

    c.   All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

    d.   Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

WHEREAS, on September 29, 2005, the defendant pleaded guilty pursuant to a plea agreement in which the defendant admitted to the forfeiture allegations in the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), (i) a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Information (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following property, on the ground that it constitutes proceeds obtained as a result of the offenses charged in Counts One, Three and Four, and property

traceable to such property, and which shall be applied to the Money Judgment:

    a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633 (the "Arizona Seized Funds");

    b.    $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit A and incorporated herein by reference);

    c.    All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

    d.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

    e.    Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

WHEREAS, the Government has applied for a Preliminary Order of Forfeiture as to the following (without prejudice to its seeking an Amended Preliminary Order which includes all of the assets listed in the Information and plea agreement):

    a.    $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit A and incorporated herein by reference);

3

  b. All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

  c. "All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

  d. Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

(collectively, the "Specific Property");

  NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

  1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the defendant's guilty plea and plea agreement, the Court finds that the defendant is jointly and severally liable for a personal money judgment in the amount of $450 million, representing the amount of proceeds obtained as a result of the offenses set forth in Counts One, Three and Four of the Information, with said sum including all right, title and interest of the defendant in the Specific Property, which constitutes proceeds traceable to the said offenses, and property traceable to such property.

4

2. Accordingly, the defendant DANIEL E. MARINO shall forfeit the sum of $450 million to the United States as a sum of money representing the amount of proceeds obtained as a result of the offense set forth in Counts One, Three and Four of the Information, to run jointly and severally with his co-conspirators, and to include all right, title and interest of the defendant in the Specific Property, and all property traceable thereto.

3. IT IS FURTHER ORDERED THAT all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The United States is hereby authorized to take possession of the Specific Property and to hold such Specific Property in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Specific Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Specific Property must file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant DANIEL E. MARINO, shall be made part of the sentence of the defendant DANIEL E. MARINO, and shall be included in the judgment of conviction therewith.

10. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Margery B. Feinzig, 300 Quarropas Street, White Plains, New York, 10601.

Dated: New York, New York
October 19, 2005

SO ORDERED:

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK