U.S. DISTRICT COURT FILED MAR 23 2007 S.D. OF N.Y.

MICROFILM MAR 23 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,          :   AMENDED PRELIMINARY ORDER
                                       OF FORFEITURE/FINAL ORDER
        -v.-                       :   OF FORFEITURE AS TO
                                       SAMUEL ISRAEL III
SAMUEL ISRAEL III,                 :
                                       05 Cr. 1039 (CM)
        Defendant.                 :
------------------------------x

   WHEREAS, on or about October 20, 2005, the Court entered a Preliminary Order of Forfeiture (the "Order") as to SAMUEL ISRAEL III, the defendant (the "defendant") as to the following property (without prejudice to the Government's seeking an Amended Preliminary Order which specifies all of the forfeitable assets included in the Information and plea agreement):

   a. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

   b. Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

A copy of the Order is attached hereto as Exhibit A and incorporated herein by reference as if set out in full;

   WHEREAS, since the Order was entered, the Government has identified the following specific assets which are subject to the Order:

      a.   $500,000 plus interest at a rate of 6 percent per annum, representing the payment on a promissory note dated November 11, 2004 (included within item (a), above) (CATS 06-FBI-002664);

      b.   All right, title and interest of the defendant in any investments in Acopia entities or partnerships, including but not limited to, the following funds placed on deposit in the USMS Seized Assets Deposit Account on or about September 20, 2006:

        i.   Meritech, $154,909.80;
        ii.  Charles River, $470,738.25;
        iii. Accel, $318,973.95; and
        iv.  Star, $214,177.50,

(included within item (a), above) (CATS 06-FBI-001416);

      c.   $100,727,434.02 on deposit in the USMS Seized Assets Deposit Account, representing Bayou investor funds in the amount of at least $100,001,102.00 (plus interest) that were transferred by the defendants to Account No. 2000026084477 in the name of Majestic Capital Management at Wachovia National Bank in Flemington, New Jersey (CATS 05-FBI-004712); and

      d.   $236,954.58 on deposit in the USMS Seized Assets Deposit Account, representing monies held by or for the benefit of the defendant (included within item (b), above) (CATS 06-FBI-001416),

and all property traceable to such property, including but not limited to all interest and income accrued thereon (hereinafter, the "Specific Property");

      WHEREAS, the Government has applied for an Amended Order as to the Specific Property:

      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

      1.   All right, title and interest of the defendant in the Specific Property, and all property traceable to such property, is hereby forfeited to the United States of America for

disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1), as property constituting proceeds traceable to the offenses set forth in Counts One, Three and Four of the Information, and property traceable to such property.

2. The United States is hereby authorized to take possession of the Specific Property and hold such Specific Property in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Amended Order, notice of the United States' intent to dispose of the Specific Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought.

5.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

7.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant SAMUEL ISRAEL III, shall be made part of the sentence of the defendant SAMUEL ISRAEL III, and shall be included in the judgment of conviction therewith.

8.  The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Barbara A. Ward, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
March 20, 2007

SO ORDERED:

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

Case 1:05-cr-01039-CM    Document 24    Filed 03/23/2007    Page 5 of 11

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,          :   PRELIMINARY ORDER OF
                                       FORFEITURE/FINAL ORDER OF
            -v.-                   :   FORFEITURE AS TO
                                       SAMUEL ISRAEL III
SAMUEL ISRAEL III,                 :
                                       05 Cr. 1039 (SCR)
            Defendant.             :

------------------------------------x

   WHEREAS, on September 29, 2005, the defendant SAMUEL ISRAEL III (the "defendant") was charged in Information 05 Cr. 1039 (the "Information") with conspiracy to commit investment adviser fraud and mail fraud, in violation of 18 U.S.C. § 371 (Count One); investment adviser fraud, in violation 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); and mail fraud, in violation of 18 U.S.C. § 1341 (Count Three);

   WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts One and Three of the Information, to wit, a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the conspiracy and mail fraud offenses alleged in this Information, for which the defendant and his co-conspirators are jointly and severally liable, with said sum including, but not limited to, all right, title and interest

of the defendant in the following, and all property traceable thereto:

    a.   Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

    b.   All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

    c.   Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

WHEREAS, on September 29, 2005, the defendant pleaded guilty to the three-count Information. In a letter pursuant to the suggestion of the Court in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), the Government advised that (i) with respect to the offenses charged in Counts One and Three, criminal forfeiture of all property constituting or derived from proceeds traceable to the commission of the offenses is mandatory pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; (ii) at present, the Government believes that this is an amount not less than $450,000,000; and (iii) the specific property subject to forfeiture, as property constituting or derived from proceeds traceable to the commission of the offenses, includes, but is not limited to, the following:

    a.   Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633 (the "Arizona Seized Funds");

  b. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

  c. Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant,

(the "Specific Property Listed in the Information");

WHEREAS, the defendant consents to the forfeiture of all of his right, title and interest in the Specific Property Listed in the Information as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property;

WHEREAS, the Government has applied for a Preliminary Order of Forfeiture as to the following properties (without prejudice to a further application for an Amended Preliminary Order which includes a money judgment and all of the Specific Property Listed in the Information):

  a. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

  B. Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant,

(the "Forfeited Property").

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the defendant's guilty plea and his consent to the forfeiture of his interest in the Specific Property Listed in the Information as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property, the Court finds that the defendant shall forfeit all of his right, title and interest in the Forfeited Property, as property constituting proceeds traceable to the offenses set forth in Counts One and Three of the Information, and property traceable to such property. Should the Government apply for and the Court enter an amended preliminary order finding that the defendant is also liable for a personal money judgment, and/or additional property, the Forfeited Property shall be credited toward the money judgment.

2. IT IS FURTHER ORDERED THAT all of the defendant's right, title and interest in the Forfeited Property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

3. The United States is hereby authorized to take possession of the Forfeited Property and to hold such Forfeited Property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Forfeited Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Forfeited Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeited Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21

U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant SAMUEL ISRAEL III, shall be made part of the sentence of the defendant SAMUEL ISRAEL III, and shall be included in the judgment of conviction therewith.

9. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Margery B. Feinzig, 300 Quarropas Street, White Plains, New York, 10601.

Dated: White Plains, New York
October 19, 2005

SO ORDERED:

HONORABLE STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

6