JAECKLE FLEISCHMANN & MUGEL, LLP
Attorneys for Petitioner
The Christian Brothers High School Endowment
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 856-0600
Facsimile: (716) 856-0432
Joseph W. Allen (JA-4311)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

UNITED STATES OF AMERICA

vs.

DANIEL E. MARINO                                                    05 Cr. 1036 (CM)

                        Defendant

------------------------------------------------------------X

UNITED STATES OF AMERICA

vs.

                                                                  05 Cr. 1039 (SCR)

SAMUEL ISRAEL, III

                        Defendant

------------------------------------------------------------X

**NOTICE OF PETITION OF THE**
**CHRISTIAN BROTHERS HIGH SCHOOL ENDOWMENT**

PLEASE TAKE NOTICE that upon its Petition dated October 22, 2007,

Petitioner, The Christian Brothers High School Endowment, hereby petitions the Court for the

following relief with respect to the entry of an order of restitution: (1) that The Christian

Brothers High School Endowment be included on the list of victims for purposes of restitution; (2) either (a) that an adequate reserve be established from the Forfeited Assets to ensure that victims whose damages may be liquidated post-sentencing may share in the distribution and/or (b) that the entry of the final order of restitution be deferred until after the damages of all victims have been fully liquidated and established, and (3) that the Court grant such other and further relief as is necessary to protect the rights and interests of victims whose damages are not yet liquidated.

Dated: October 22, 2007

> **JAECKLE FLEISCHMANN & MUGEL, LLP**
> *Attorneys for Petitioner*
> *The Christian Brothers High School Endowment*
>
> By: _____
>      Joseph W. Allen, Esq. (JA-4311)
> 12 Fountain Plaza
> Buffalo, New York  14202-2292
> Telephone:  (716) 856-0600
> Facsimile:  (716) 856-0432

*845458v2*

JAECKLE FLEISCHMANN & MUGEL, LLP
Attorneys for Petitioner
The Christian Brothers High School Endowment
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 856-0600
Facsimile: (716) 856-0432
Joseph W. Allen (JA-4311)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

UNITED STATES OF AMERICA

    vs.

DANIEL E. MARINO            05 Cr. 1036 (CM)

        Defendant

------------------------------------------------------------X

UNITED STATES OF AMERICA

                                                           05 Cr. 1039 (CM)

    vs.

SAMUEL ISRAEL, III

        Defendant

------------------------------------------------------------X

## PETITION OF THE CHRISTIAN BROTHERS
## HIGH SCHOOL ENDOWMENT

Petitioner, The Christian Brothers High School Endowment (the "High School Endowment"), by its undersigned attorneys, for its petition requesting certain relief with respect to the order of restitution to be entered herein respectfully states as follows:

## BACKGROUND

1.  Between April 2002 and January 2004, The High School Endowment invested $1,600,600 in the Bayou No Leverage Fund, LLC ("Bayou").

2.  In June 2004, the High School Endowment redeemed its investment in Bayou. As a result, in August 2004, Bayou transferred to the High School Endowment $1,707,300 in August 2004, in June 2005 transferred a final payment of $204,022.

3.  Upon information and belief, on September 29, 2005, the United States filed Informations 05 Cr. 1039(CM) and 05 Cr. 1036(CM) charging Samuel Israel, III and Daniel E. Marino, respectively, with defrauding Bayou investors of more than $450 million. Further, upon information and belief each of the criminal defendants pleaded guilty on September 29, 2005.

4.  Upon information and belief, on March 23, 2007, the Court entered its Amended Preliminary Order of Forfeiture / Final Order of Forfeiture in these criminal proceedings.

5.  Upon information and belief, the United States has seized significant assets in connection herewith, and significant assets have been forfeited to the United States in connection with these criminal proceedings (the "Forfeited Assets").

## BAYOU'S BANKRUPTCY PROCEEDINGS

6.  On May 30, 2006, Bayou and a number of its affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

7.  In the course of the bankruptcy proceedings, Bayou and its affiliates sued many of the investors in Bayou who had redeemed all or part of their investments prior to Bayou's bankruptcy. By these lawsuits, even though Bayou acknowledges that the redeeming investors

2

had nothing whatsoever to do with Bayou's alleged fraud, Bayou seeks to recover the entire payment it made to each redeeming investor, in order to, it is alleged, "equitably redistribute" their monies to all creditors.

8. The High School Endowment is a defendant in one such lawsuit designated in the Bankruptcy Court docket as adversary proceeding number 06-08320(ASH). The High School Endowment is defending this lawsuit and believes that it will ultimately be successful in establishing that Bayou is not entitled to recover from it. However, in the event that the High School Endowment does not prevail in its litigation with Bayou, it will be forced to return all or some of the money it invested in Bayou. In such case, the High School Endowment, which already is a victim of Bayou's alleged fraud, will have suffered damages in a fully determinable amount.

9. Inasmuch as there are many other Bayou investors currently similarly situated, the Court should grant this petition and the relief requested herein.

## RELIEF REQUESTED

a) <u>Establishment of reserve</u>

10. The Mandatory Victim Restitution Act ("MVRA") expressly affords the Court discretion in crafting an order of restitution. Indeed, the MVRA provides that:

> [f]or orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for *the court to exercise its discretion in fashioning a restitution order.*

(emphasis added) 18 U.S.C. § 3664(a).

3

11. The Court should exercise its discretion here to require the United States to establish a sufficient reserve from the Forfeited Assets to reimburse, on an equitable basis, victims whose losses are fully established *after* the criminal defendants are sentenced. The establishment of such a reserve would be consistent with the MVRA which expressly provides for the reimbursement of losses discovered after the entry of a restitution order. 18 U.S.C.§3664(d)(5) ("If [after a restitution order is entered] the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition for an amended restitution order").

b) <u>Delay entry of final order of restitution</u>

12. As an alternative to establishing a reserve from the Forfeited Assets, or in addition thereto, the Court could delay entry of a final order of restitution, or delay the commencement of distribution thereunder, until the losses of all victims are liquidated and fully and finally established.

13. The MVRA provides that the Court has until 90 days after sentencing to determine the victims' losses and issue a restitution order. 18 U.S.C. §3664(d)(5). However, because the purpose of this 90 day provision is to avoid the dissipation of assets by defendants while they await sentencing, relevant case law has allowed delays under certain circumstances more than 90 days after sentencing. <u>United States v. Catoggio</u>, 326 F. 3d 323, 330 (2d Cir. 2003); <u>United States v. Stevens</u>, 211 F. 3d 1, 5 (2d Cir. 2000).

WHEREFORE, The Christian Brothers High School Endowment respectfully requests entry of an order (1) directing that it be included in the list of victims herein, (2) with respect to any final order of restitution entered herein either (a) requiring that an adequate reserve be

established from the Forfeited Assets so that victims whose losses are established after sentencing may be adequately compensated or (b) delaying entry of the final order of restitution until after the damages of all victims of Bayou's alleged fraud are fully and finally established, and (3) granting such other relief as is appropriate.

Dated: October 22, 2007

                         **JAECKLE FLEISCHMANN & MUGEL, LLP**
                         *Attorneys for Petitioner*
                         *The Christian Brothers High School Endowment*

By: _____
      Joseph W. Allen, Esq. (JA-4311)
      12 Fountain Plaza
      Buffalo, New York 14202-2292
      Telephone: (716) 856-0600
      Facsimile: (716) 856-0432

*845506*

## STATEMENT OF PETITIONER

STATE OF TENNESSEE        }
COUNTY OF Shelby          }

I, Thomas M. Sullivan, being duly sworn, state as follows:

1. I am a member of The Christian Brothers High School Finance Committee which oversees and manages The Christian Brothers High School Endowment

2. The firm of Jaeckle Fleischmann & Mugel, LLP has the authority to represent the petitioner in this matter.

3. I have fully reviewed the foregoing petition. It is truthful and accurate in every respect.

*Thomas M. Sullivan*
Thomas M. Sullivan on
behalf of The Christian Brothers
High School Endowment

Sworn to before me
This 10th day of October, 2007

*Notary Public*

ALEXIS A. JOY
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY

MY COMMISSION EXPIRES:
June 9, 2009

845471

JAECKLE FLEISCHMANN & MUGEL, LLP
Attorneys for Petitioner
The Christian Brothers High School Endowment
12 Fountain Plaza
Buffalo, New York 14202-2292
Telephone: (716) 856-0600
Facsimile: (716) 856-0432
Joseph W. Allen (JA-4311)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
vs. :
:
DANIEL E. MARINO : 05 Cr. 1036 (CM)
:
         Defendant :
:
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
vs. :
: 05 Cr. 1039 (SCR)
SAMUEL ISRAEL, III :
:
         Defendant :
:
------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

I, Joseph W. Allen, do hereby certify that on October 30, 2007 a true and correct copy of a Notice of Petition and Petition of The Christian Brothers High School Endowment in the above matter was served upon the attached service list by Federal Express overnight delivery.

_____
Joseph W. Allen

845634

## SERVICE LIST

Sharon Levin, Esq.
Office of the United States Attorney, S.D.N.Y.
One St. Andrew's Plaza
New York, NY 10007-2601

Margery B. Feinzig, Esq.
Assistant U.S. Attorney, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

845634