SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
Fax: (212) 593-5955
Michael L. Cook (MC-7887)
Marcy Ressler Harris (MH-4351)
Brian T. Kohn (BK-4656)

*Attorneys for Sterling Stamos Security Fund, L.P.,*
*Sterling Stamos Security Fund - Friends & Family, L.P.,*
*Sterling Stamos Growth Fund, L.P., and Sterling Stamos Liquidity Fund, L.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
            -v.-                         :       05 Cr. 1036 (CM)
                                         :
DANIEL E. MARINO,                        :
                                         :
            Defendant.                   :
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
            -v.-                         :       05 Cr. 1039 (CM)
                                         :
SAMUEL ISRAEL III,                       :
                                         :
            Defendant.                   :
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
            -v.-                         :       06 Cr. 1138 (CM)
                                         :
JAMES G. MARQUEZ,                        :
                                         :
            Defendant.                   :
---------------------------------------------------------------X

## PETITION OF THE STERLING STAMOS FUNDS

Petitioners Sterling Stamos Security Fund, L.P. ("Sterling Security"), Sterling Stamos Security Fund - Friends & Family, L.P. ("Sterling Friends & Family"), Sterling Stamos Growth Fund, L.P. ("Sterling Growth"), and Sterling Stamos Liquidity Fund, L.P. ("Sterling Liquidity") (collectively, "Petitioners" or "Sterling Stamos Funds"), by their undersigned attorneys, for their petition requesting certain relief with respect to the order of restitution to be entered herein, respectfully state as follows:

## BACKGROUND

1. The Sterling Stamos Funds are victims of the fraudulent scheme perpetrated by Samuel Israel III, Daniel Marino and James Marquez, the former principals of Bayou Group LLC and related entities (collectively, "Bayou").

2. Upon information and belief, each of Messrs. Israel, Marino and Marquez pleaded guilty to criminal violations related to the operation of Bayou and each is awaiting sentencing by this Court.

3. Upon information and belief, the United States has seized significant assets related to Bayou. Such assets have been forfeited to the United States in connection with these criminal proceedings and are to be distributed by the Government to victims of the Bayou fraud, from a victim restitution fund, within 90 days of the sentencings.

4. The Sterling Stamos Funds invested an aggregate total of $29,700,000 in Bayou Superfund, LLC between April 1, 2003 and February 1, 2005 in reliance on the false statements and false financial information provided to them by Messrs. Israel and Marino and others at Bayou. When the Sterling Stamos Funds attempted to redeem their Bayou investments in February 2005, at an aggregate valuation of $32,420,388, the Sterling Stamos Funds received

$28,959,700, representing an aggregate mark to market loss of $3,460,688 and an aggregate cash loss of $740,300.

5. At the present time, the Sterling Stamos Funds are defendants in an avoidance action in bankruptcy court brought by Bayou.[1] Bayou seeks to avoid the redemptions the Sterling Stamos Funds received six months before the Bayou fraud was uncovered, on the purported ground that the redemptions constitute "fraudulent transfers" under sections 544 and 548 of the Bankruptcy Code and applicable state law.

6. The Sterling Stamos Funds believe they will succeed in demonstrating in the avoidance action that they redeemed in good faith and without actual or constructive knowledge of Bayou's fraud. However, because the Sterling Stamos Funds could be required to turn over to Bayou some or all of their redemption payments after a trial, they request that this Court reserve a portion of the Government's victim restitution fund and refrain from paying out the full amount of the restitution fund within 90 days of sentencing Messrs. Israel, Marino and Marquez. Federal Rule of Bankruptcy Procedure 3003(c)(3), consistent with 11 U.S.C. § 302(A), recognizes that contingent claimants such as defendants in a fraudulent transfer suit may have and may assert claims against a debtor should a judgment be entered against them.

7. The reserve fund could be used to pay those adversary proceeding defendants who may be required, after trial, to return some or all of their redemption proceeds to Bayou. Absent a reserve or similar holdback mechanism from the Government's victim restitution fund, no restitution funds would then be available for such adversary proceeding defendants whose ultimate losses cannot be determined at the present time.

---

[1] The receiver this Court appointed, pursuant to an order entered on April 28, 2006, succeeded to be the sole and exclusive managing member and authorized representative of each of the Bayou entities and, as Chapter 11 debtor-in-possession, caused Bayou to file an amended complaint against the Sterling Stamos Funds dated October 27, 2006.

8. To avoid burdening the Court with a lengthy and duplicative submission, the Sterling Stamos Funds hereby join in the Motion Requesting Reserve Fund In Connection With Victim Restitution submitted by Highgate Partners, L.P. ("Highgate"), another victim of the Bayou fraud and another adversary proceeding defendant, and adopt fully the arguments and reasoning in Highgate's Memorandum of Law in Support of its Motion. The Highgate Motion and Memorandum of Law sets out in detail the legal bases upon which the Court may exercise its broad discretion to ensure that all victims of the Bayou fraud have an opportunity to receive restitution from the Government's victim restitution fund, regardless of when their actual losses may be quantified.

WHEREFORE, the Sterling Stamos Funds respectfully request that the Court craft an order of restitution that requires the Government to establish a sufficient reserve to reimburse victims of the Bayou fraud, such as the Sterling Stamos Funds and other adversary defendants, whose losses may be fully established after Messrs. Israel, Marino and Marquez are sentenced.

Dated: New York, New York
November 12, 2007

SCHULTE ROTH & ZABEL LLP

By: /s Michael L. Cook
Michael L. Cook (MC 7887)
Marcy Ressler Harris (MH 4351)
Brian T. Kohn (BK 4656)

919 Third Avenue
New York, New York 10022
(212) 756-2000

Attorneys for Sterling Stamos Security Fund, L.P., Sterling Stamos Security Fund - Friends & Family, L.P., Sterling Stamos Growth Fund, L.P., and Sterling Stamos Liquidity Fund, L.P.