UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

UNITED STATES OF AMERICA,

       -against-

SAMUEL ISRAEL III,

       Defendant.

---------------------------------------x

05 Cr. 1039

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/08

## ORDER

McMahon, J.:

    The Court has received a rather extraordinary letter from counsel for defendant.

    I have repeatedly adjourned the *sentencing date* for this defendant at the request of one or both parties. I have NEVER set a "control date" of any sort, for anyone's sentencing, and no one from my chambers has ever indicated to anyone outside of chambers that any date I set was a "control date" as opposed to a "sentencing date." Certainly no one ever told *me* that I was granting endless extensions of time so that Mr. Israel could be sentenced at his convenience (which is, apparently, never), or so that the Government could take an infinite amount of time to hold "meetings" with Mr. Israel. To the extent that anyone from the United States Attorney's Office gave Mr. Bader the impression that these adjourned dates were "control dates," he or she was in error. (It is of no moment to me whether Mr. Bader's impression of what was said to him or his associate is correct or not correct).

    I am not interested in defendant's medical problems, especially since it appears that he has taken a rather desultory attitude toward resolving them, in the apparent belief that his sentencing could and would be endlessly postponed. Mr. Israel could have replaced his pacemaker and taken care of his back problems at any time over the past two and one half years, while he was having his "meetings" with the Government. His failure to attend to these medical matters in a timely fashion is hardly the fault of the court, and should have no impact on his sentencing date, since if Mr. Israel is sentenced to a term of imprisonment, his medical needs can be met by the staff of the Bureau of Prisons.

    Neither am I interested in the Assistant United States Attorney's "preferences" with regard to when Mr. Israel will meet with the Department of Probation, so that his Pre-Sentence Report can be prepared. The Government and Mr. Israel have had plenty of time to conduct whatever business they have to conduct. When I granted the adjournment to February 28, I made it quite clear to my staff that I intended to sentence Mr. Israel on that date. Mr. Israel should

already have met with the Department of Probation and I should have a PSR in hand. That I do not is apparently the product of inexcusable presumption on the part of counsel for both sides.

This defendant pleaded guilty in September 2005. It is now two and one half years later and he is still not sentenced. I will not allow that situation to continue.

I hereby order the Department of Probation to make sure that Mr. Israel's Pre-Sentence Report is on my desk by March 7, 2008. Mr. Israel will be sentenced on April 14 at 10 AM in Courtroom 21-B at the Moynihan Courthouse. There will be no adjournment of this date FOR ANY REASON WHATEVER; if Mr. Israel has back surgery between now and then and is still not ambulatory, he can be brought to his sentencing in a wheelchair.

Mr. Israel should arrange his medical and other schedules so that he gets in his visit with the Probation Department, which is far more important for his future than any operation.

I do not care to receive any further correspondence concerning this matter. I have set the sentencing date by order, rather than informally, so the parties will clearly understand that it is fixed in stone.

Dated: February 6, 2008

U.S.D.J.

BY FAX TO

    Margery Feinzig, AUSA
    Lawrence S. Bader, Esq.