UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -

SAMUEL ISRAEL III,

            Defendant.

05 CR 1039 (CM)

---

**DEFENDANT SAMUEL ISRAEL III'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR RECUSAL OR, IN THE ALTERNATIVE,
REASSIGNMENT**

---

                      MORVILLO, ABRAMOWITZ, GRAND,
                        IASON, ANELLO & BOHRER, P.C.
                      Attorneys for Defendant Samuel Israel III
                      565 Fifth Avenue
                      New York, New York 10017
                      212-856-9600

Of Counsel:
Barry A. Bohrer
Barbara L. Trencher

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

FACTUAL BACKGROUND ...............................................................................................1

ARGUMENT.........................................................................................................................6

    A.  Applicable Law ........................................................................................................6

    B.  Your Honor Should Recuse Herself Because There Is an
        Appearance of Bias Or Prejudice Against Mr. Israel, and Your
        Honor's Impartiality May Be Questioned...................................................................9

    C.  In the Alternative, Your Honor Should Order This Case Reassigned
        To Avoid the Appearance Of Partiality ...................................................................13

CONCLUSION....................................................................................................................14

# **TABLE OF AUTHORITIES**

## **CASES**

Alexander v. Primerica Holdings, 10 F.3d 155 (3d Cir.1993)......................................................8

Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326 (2d Cir. 1987) ...................................7

Homes v. NBC/GE, 925 F. Supp. 198 (S.D.N.Y. 1996)...........................................................7

In re Abijoe Realty Corp., 943 F.2d 121 (1st Cir. 1991) ....................................................... 6-7

In re Ellis, 356 F.3d 1198 (9th Cir. 2004)...............................................................................12

In re Murchison, 349 U.S. 133 (1955) ..................................................................................7, 8

In re United States of America, 441 F.3d 44 (1t Cir. 2006) ............................................... 6-7, 8

Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988) ......................................7

Liteky v. United States, 510 U.S. 540 (1994)............................................................................7

Taylor v. Hayes, 418 U.S. 488 (1974) ................................................................................. 7-8

United States v. Black, 490 F. Supp. 2d 630 (E.D.N.C. 2007)...................................................13

United States v. Campo, 140 F.3d 415 (2d Cir. 1998)..............................................................12

United States v. DeMott, 513 F.3d 55 (2d Cir. 2008).................................................................13

United States v. Mavroules, 798 F. Supp 61 (D. Mass. 1992)...............................................8, 13

United States v. Moolenaar, No. 06 Cr. 1342, 2007 WL 4455784 (3d Cir. Dec. 11, 2007) ......8

United States v. Nacchio, -- F.3d --, No. 07 Cr. 1311, 2008 WL 697382 12

(10th Cir. Mar. 17, 2008) .......................................................................................................12

United States v. Padilla, 186 F.3d 136 (2d Cir. 1999)............................................................12

## **STATUTES & RULES**

18 U.S.C. § 3553(a) ................................................................................................................10

28 U.S.C. § 144................................................................................................................... 6, 11

28 U.S.C. § 455(a) ......................................................................................................... 6-7, 11

Federal Rule of Criminal Procedure 32 ........................................................................... 4-5, 10

Defendant Samuel Israel III ("Mr. Israel") respectfully submits this Memorandum of Law in Support of his motion to recuse Your Honor pursuant to sections 144 and 455(a) of Title 28 of the United States Code or, in the alternative, for reassignment to a different district judge in the Southern District of New York.

## PRELIMINARY STATEMENT

Mr. Israel recognizes that a motion to recuse is a very serious matter, and should rarely be made. Nonetheless, a confluence of facts, all of which came to light very recently, constrain Mr. Israel to make this motion. This confluence of facts creates the appearance that Your Honor is biased or prejudiced against Mr. Israel, and suggests that Your Honor's impartiality might reasonably be questioned.

## FACTUAL BACKGROUND

On September 29, 2005, Mr. Israel pled guilty in White Plains, before United States Magistrate Judge George A. Yanthis, to a three-count information. Count One charged Mr. Israel with conspiracy to commit investment advisor fraud, in violation of 18 U.S.C. § 371. Count Two charged Mr. Israel with investment advisor fraud, in violation of 15 U.S.C. §§ 80b-6, 80b-17. Count Three charged Mr. Israel with mail fraud, in violation of 18 U.S.C. § 1341. At the time of Mr. Israel's plea, his case had been randomly assigned to the Honorable Stephen C. Robinson, but on October 20, 2005, counsel for Mr. Israel was informed that the case had been reassigned to Your Honor.

Although Mr. Israel did not enter into a cooperation agreement with the United States Attorney's Office for the Southern District of New York, he began cooperating with the government even before the time of his plea. To facilitate this cooperation and to accommodate

1

law enforcement considerations, the United States Attorney's Office repeatedly sought adjournments with respect to Mr. Israel's sentencing date, with Mr. Israel's consent.

In the summer of 2007, Your Honor's duty station changed from the United States Courthouse in White Plains to the United States Courthouse in Manhattan. Unbeknownst to Mr. Israel and his counsel, on July 26, 2007, Your Honor issued a memo to "All Litigants" in which Your Honor stated, "Effective August 3, 2007, Judge McMahon will no longer be responsible for any case, civil or criminal, in White Plains. Judge McMahon's entire pending docket, civil and criminal, will be transferred to the Hon. Kenneth M. Karas. . . . After August 3, 2007, DO NOT send any correspondence or inquiry relating to a White Plains case to Judge McMahon."[1] Similarly, on September 4, 2007, Judge Karas issued a memo stating, "On August 3, 2007, Judge McMahon transferred her pending docket, civil and criminal, to Judge [Kenneth M.] Karas."[2] No notice of reassignment regarding Mr. Israel's case was sent to Mr. Israel's counsel.

In any event, on January 30, 2008, Your Honor sentenced Daniel Marino, one of Mr. Israel's co-defendants. At the time of Mr. Marino's sentencing, Mr. Israel's sentencing date was scheduled for February 28, 2008. However, because Mr. Israel was continuing to cooperate with the government, neither Mr. Israel's counsel nor the government believed that the sentencing would go forward on February 28, 2008; as in the past, Mr. Israel's counsel expected the government to seek an adjournment of the sentencing date. Much to the surprise of Mr. Israel and his counsel, on January 30, 2008, United States Probation Officer Diane Plummer informed counsel for Mr. Israel that she had spoken with a member of Your Honor's staff, who stated that Your Honor did not intend to adjourn Mr. Israel's February 28, 2008 sentencing date.

---

[1] See 7/26/07 Memorandum of the Honorable Colleen McMahon (emphasis original), attached as Ex. A.

[2] See 9/4/07 Memorandum of the Honorable Kenneth M. Karas, attached as Ex. B.

The February 28, 2008 sentencing date was not feasible for several reasons. <u>First</u>, Mr. Israel has serious medical conditions, and required surgery in advance of sentencing. Following the most significant procedure, Mr. Israel would require recuperation time, and his doctor estimated that the earliest date on which Mr. Israel would be ambulatory was April 15. <u>Second</u>, because the Department of Probation had not yet interviewed Mr. Israel, and had not issued a pre-sentence report ("PSR") with respect to Mr. Israel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, the sentencing could not take place until the PSR had been issued, Mr. Israel had an opportunity to object to the PSR, and the Department of Probation revised its PSR in response to Mr. Israel's objections.

To that end, on February 5, 2008, counsel for Mr. Israel wrote to Your Honor and requested an adjournment of the sentencing date until April 15, 2008.[3] In the letter, counsel for Mr. Israel provided details regarding Mr. Israel's medical condition, his prognosis and expected treatment. The letter was sent to Your Honor via facsimile, and was not publicly filed via ECF. Indeed, filing the letter via ECF would have been inappropriate under the Southern District's ECF Privacy Policy as well as Your Honor's Individual Rules of Practice for Sentencing Proceedings because it contained Mr. Israel's confidential medical information.

On February 6, 2008, Your Honor issued an Order setting the sentencing for April 14, 2008. In that Order, Your Honor said, <u>inter</u> <u>alia</u>, "I am not interested in defendant's medical problems."[4] Additionally, Your Honor directed the Department of Probation "to make sure that

---

[3] A redacted version of the February 5, 2008 letter is attached as Ex. C. An unredacted version will be provided in the Court's courtesy copy, and will be filed under seal upon request.

[4] <u>See</u> 2/6/08 Order, attached as Ex. D.

3

Mr. Israel's Pre-Sentence Report is on my desk by March 7, 2008."[5]  Your Honor further stated, "I do not care to receive any further correspondence concerning this matter."[6]

       Mr. Israel was interviewed by the Department of Probation on February 6, 2008, and the initial PSR was issued on February 19, 2008.  However, on February 27, 2008, the Department of Probation issued a "Corrected Disclosure."  The February 27 report was substantially different, and included substantially more information, than the February 19 report.  Upon receipt of the February 27, 2008 PSR, counsel for Mr. Israel contacted the United States Attorney's Office for the Southern District of New York concerning the date by which Mr. Israel was required to submit his objections to the PSR.  A representative from the United States Attorney's Office concurred in Mr. Israel's position that because the February 27, 2008 PSR was substantially different than the February 19, 2008 PSR, Mr. Israel's time to respond to the PSR pursuant to Rule 32 of the Federal Rules of Criminal Procedure should be based on the February 27, 2008 date.

       On February 28, counsel for Mr. Israel contacted U.S.P.O. Plummer via email to confirm that Mr. Israel's objections to the PSR were due on March 12, 2008, stating:  "[I]t is our understanding that Mr. Israel's objections to the PSR are due to you on March 12.  Please let us know whether you disagree with our calculation of the time for Mr. Israel to object to the initial PSR."[7]  U.S.P.O. Plummer responded, "Judge McMahon ordered that we have to [have the] psr on her desk [no] later than March 7, 2008."[8]  Thereafter, counsel for Mr. Israel had a telephone

---

[5] Id.

[6] Id.

[7] See 2/28/08 email of Barbara L. Trencher to U.S.P.O. Diane Plummer, attached as Ex. E.

[8] See 2/28/08 email of U.S.P.O. Plummer to Barbara L. Trencher, attached as Ex. F.

4

conference with U.S.P.O. Plummer.  During that telephone conference, counsel for Mr. Israel pointed out that under Rule 32(f), a defendant is entitled to 14 days to object to the initial PSR, and therefore, Mr. Israel was entitled until March 12, 2008 to respond to the PSR.  The Probation Officer responded by stating, in substance, that she deemed Your Honor's February 6 Order to supersede Rule 32(f)'s provisions in this case.  She told counsel for Mr. Israel that any objections should be submitted to the Department of Probation by March 4, 2008, at the latest.[9]

Because the Court's February 6, 2008 Order stated that Your Honor "d[id] not care to receive any further correspondence concerning" Mr. Israel's sentencing, Mr. Israel's counsel was reluctant to contact Your Honor regarding the Department of Probation's view, and the violation of Mr. Israel's rights under Rule 32 of the Federal Rules of Criminal Procedure.  Instead, Mr. Israel's counsel felt compelled to abide by the Department of Probation's demand, and as a result, Mr. Israel had only 6 days (two of which were weekend days) to respond to the PSR, as opposed to the 14 days granted under Rule 32.

On March 24, 2008, counsel for Mr. Israel first learned of the memoranda issued by Your Honor and Judge Karas in the late summer.  Until that time, Mr. Israel and his counsel were unaware that Your Honor's "entire pending docket, civil and criminal," purportedly had been transferred to Judge Karas.  Currently, counsel for Mr. Israel is not aware of any case unrelated to the Bayou Fund that was not transferred to Judge Karas.  Moreover, no explanation has been provided regarding why the matters related to Bayou Fund, including Mr. Israel's case, have remained with your Honor, while all other matters have been transferred to Judge Karas.

Also on March 24, 2008, Mr. Israel's counsel discovered that Your Honor had ordered docketed on ECF the February 5, 2008 letter that counsel sent to the Court regarding the

---

[9] Indeed, U.S.P.O. Plummer told counsel for Mr. Israel that the Federal Rules of Criminal Procedure do not apply in this case.

5

sentencing date. That the letter had been docketed was surprising and disturbing because, as noted above, the letter contained confidential medical information. On March 25, 2008, counsel for Mr. Israel sent a letter to the Clerk of the Court requesting that the February 5, 2008 letter be removed from ECF and the public file because the letter contained confidential medical information concerning Mr. Israel.[10] Mr. Israel's counsel did not contact Your Honor regarding the docketing of the February 5 letter because Your Honor had instructed the parties that no further correspondence should be sent to the Court regarding the issues raised in the February 5 letter. The Clerk of the Court removed the letter from ECF on March 26. However, the damage was already done: at least one blogger had discovered the docketed letter and had publicly mocked Mr. Israel's medical condition on the internet.[11]

## ARGUMENT

**A.     Applicable Law**

Under section 144 of Title 28, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adversary party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[12] 28 U.S.C. § 144. Similarly, under section 455(a), "Any justice, judge, or

---

[10] See 3/25/08 letter from Barry A. Bohrer to Clerk of the Court, attached as Ex. G.

[11] See Ex. H, found at http://nakedshorts.typepad.com/nakedshorts/flimflam_update/index.html.

[12] Section 144 requires that the affidavit be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard[.]" 28 U.S.C. § 144. Mr. Israel is scheduled to appear before Your Honor, for the first time, on April 14, 2008. Thus, his application under section 144 is timely in that it has been filed at least ten days before April 14. Moreover, as set forth herein, Mr. Israel did not learn of all of the facts that give rise to this application until the last week in March, 2008. Thus, even if his application is not made "ten days before the beginning of the term at which the proceeding is to be heard," he has "good cause" for the delay. See In re United States of America, 441 F.3d 44, 65 (1st Cir. 2006) ("A motion to recuse . . .

6

magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both of these sections, the Court must evaluate any claim of bias or prejudice "on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [i]s required whenever 'impartiality might reasonably be questioned.'" Liteky v. United States, 510 U.S. 540, 548 (1994) (emphasis original) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)).[13]  See also Homes v. NBC/GE, 925 F. Supp. 198, 201 (S.D.N.Y. 1996) ("The papers supporting a motion for disqualification are considered against an objective standard, which is the same under both §§ 144 and 455."); Cf. Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2d Cir. 1987) ("Courts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed in *pari materia*.").

"Partiality in favor of the government may raise a defendant's due process concerns." In re United States of America, 441 F.3d at 66 (citing In re Murchison, 349 U.S. 133 (1955)). Where due process concerns arise on the basis of the judge's apparent bias, "the inquiry must be not only whether there was actual bias on [the judge]'s part, but also whether there was such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused. Such a stringent

---

must have a factual foundation; it may take some time to build the foundation. . . . [A] party must raise the recusal issue 'at the earliest moment after acquiring knowledge of the relevant facts.'" (alterations omitted, quoting In re Abijoe Realty Corp., 943 F.2d 121, 126 (1st Cir.1991)).

[13] Although some courts have concluded that recusal under sections 144 and 455(a) is only warranted if the bias or prejudice arises from an extrajudicial source, the Supreme Court has made clear that "there is not much doctrine to the [extrajudicial source] doctrine. The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias or prejudice' recusal." Liteky, 510 U.S. at 554 (emphasis original).

7

rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties, but due process of law requires no less." Taylor v. Hayes, 418 U.S. 488, 501 (1974) (citations and quotation marks omitted). See also Murchison, 349 U.S. at 136.

"[U]nder the recusal standard, any reasonable doubts about the partiality of the judge ordinarily are to be resolved in favor of recusal. . . . While recognizing that the challenged judge enjoys a margin of discretion, this court has repeatedly held that doubts ordinarily ought to be resolved in favor of recusal. Under § 455(a), this court asks whether an objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judges impartiality." In re United States of America, 441 F.3d at 56-57 (citations and quotation marks omitted). Reassignment "is called for when it is necessary to 'preserve not only the reality but also the appearance of the proper functioning of the judiciary as a neutral, impartial administrator of justice.'" United States v. Moolenaar, No. 06 Cr. 1342, 2007 WL 4455784, at *3 (3d Cir. Dec. 11, 2007) (quoting Alexander v. Primerica Holdings, 10 F.3d 155, 165 (3d Cir.1993)). Moreover, where a number of facts considered separately would not be grounds for recusal, the cumulative effect of those facts considered together may be a basis for recusal. See In re United States of America, 441 F.3d at 68 ("[T]he cumulative effect is to establish a reasonable basis for questioning the impartiality of the district court judge."); United States v. Mavroules, 798 F. Supp 61 (D. Mass. 1992) (despite the fact that the circumstances did not support a finding of bias or impartiality and therefore did not give rise to recusal under section 144 or 455, judge recused himself based on the "totality of circumstances").

**B.    Your Honor Should Recuse Herself Because There Is an Appearance of Bias or Prejudice Against Mr. Israel and Your Honor's Impartiality May Be Questioned**

We respectfully submit that Your Honor should recuse herself in this action because the cumulative effect of the facts described above, see supra, suggests an appearance of bias or prejudice, or that Your Honor's impartiality might reasonably be questioned. First, although Your Honor's "entire pending docket, civil and criminal," purportedly was reassigned to Judge Karas as of August 3, 2007, this case (and the related civil and criminal actions) was not transferred to Judge Karas. Your Honor's decision to retain this action remains unexplained. Because this case began with a guilty plea, Your Honor has not been required to devote considerable time or resources to this action. Indeed, the plea was taken by Magistrate Judge Yanthis, and therefore, neither Mr. Israel nor his attorneys have ever appeared before Your Honor in this action. Moreover, as Your Honor noted at Mr. Marino's sentencing, "the Financial Press reported the general contours of the fraud within several weeks after Bayou collapsed and as it turns out there was no story behind the story. *It was simply not a very complicated fraud*."[14] Thus, it seems unlikely that Your Honor's knowledge of the Bayou Fund cases, and the fact that Your Honor was first assigned this case in late 2005, led to a decision not to transfer this action to Judge Karas. That Your Honor retained this case, while transferring all other cases to Judge Karas, suggests that Your Honor has a particular interest in this action and a desire to impose sentence on Mr. Israel. A disinterested observer might be constrained to conclude that Your Honor harbors some inappropriate prejudice against Mr. Israel, and that Your Honor retained this case in order to dictate his sentence. This possibility is further supported by the fact that Your Honor has scheduled Mr. Israel's sentence to proceed despite the fact that his cooperation is on-going. As a result, Mr. Israel may not be sufficiently credited for his cooperation.

---

[14] 1/30/08 Sentencing Tr. for Daniel Marino at 18 (emphasis added).

9

Second, Your Honor's Order dated February 6, 2008 suggests the appearance of some animosity towards Mr. Israel, and Your Honor's directives in that Order deprive Mr. Israel of rights to which he is entitled under the Federal Rules of Criminal Procedure and the United States Code. Specifically, in the Order, Your Honor stated, "I am not interested in defendant's medical problems."[15] But under Section 3553 of Title 18, as well as the United States Sentencing Guidelines, Your Honor is *required* to be "interested in the defendant's medical problems." See 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant . . . [and] the need for the sentence imposed . . . to provide the defendant with . . . medical care"). Thus, there is an appearance that Your Honor may not be inclined to sentence Mr. Israel in accordance with the law, and may inappropriately disregard his serious medical conditions.

Additionally, the February 6, 2008 Order had the effect of depriving Mr. Israel of the time to which he was entitled in objecting to the initial PSR. As noted above, Your Honor ordered the Department of Probation to "make sure that Mr. Israel's Pre-Sentence Report is on my desk by March 7, 2008."[16] However, The Department of Probation did not serve Mr. Israel with its corrected initial PSR until February 27, 2008. Under Rule 32(f), Mr. Israel was entitled to 14 days to object to the PSR. But the Department of Probation concluded that Rule 32(f) had been superseded by Your Honor's Order, and required Mr. Israel to submit his objections by March 4, 2007 (six days after the initial PSR was served). Because Your Honor stated in the Order that Your Honor "d[id] not care to receive any further correspondence concerning" Mr.

---

[15] See 2/6/08 Order, attached as Ex. D.

[16] See id.

10

Israel's sentencing, Mr. Israel was not able to object to this deprivation of his rights under the Federal Rules of Criminal Procedure.

<u>Third</u>, by docketing the February 5, 2008 letter of Mr. Israel's counsel, Your Honor further demonstrated an apparent disregard for Mr. Israel's health and the privacy to which he is entitled with respect to his medical conditions. The Southern District's ECF Privacy Policy and Your Honor's Individual Rules of Practice for Sentencing Proceedings specifically provide that medical records, treatment and diagnosis constitute "sensitive information" that may be redacted from documents that are publicly filed. Nonetheless, Your Honor ordered the Clerk of the Court to docket, without any redactions, the letter that contained information related to Mr. Israel's medical condition, diagnoses and treatment. This order was particularly troubling because according to the office of the Clerk of the Court, "Other than letters filed under a cover marked Sentencing Memorandum, THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING either through ECF or otherwise, *except where the judge has ordered that a particular letter be docketed.* Letters may be sent directly to a judge."[17] Clearly, Your Honor took steps to have the letter docketed, despite the fact that letters are not docketed in the normal course. As a result of Your Honor's order, Mr. Israel was subjected to precisely the type of consequence that the rules regarding privacy of medical records are intended to prevent: he was publicly mocked because of his medical condition.

While none of these facts alone may create the appearance of bias or prejudice, considered together, these facts do suggest that Your Honor has some bias or prejudice against Mr. Israel. Under these circumstances, Your Honor should recuse herself pursuant to sections 144 and 455(a) of Title 28. Simply stated, the combination of (1) Your Honor's decision to

---

[17] <u>See</u> 3/27/08 docket entry in <u>United States v. Israel</u>, 05 Cr. 1039 (capitalized emphasis original, italicized emphasis added).

retain this case while transferring all other cases to Judge Karas; (2) Your Honor's February 6, 2008 Order and the deprivation of Mr. Israel's rights caused by that Order; and (3) Your Honor's apparent disregard for Mr. Israel's serious medical conditions and the privacy to which he is entitled with regard to those conditions, suggests that Your Honor is not impartial with respect to Mr. Israel, and that Your Honor harbors bias or prejudice against him.

Finally, reassignment of this case would not be a waste of judicial resources. "[T]he appearance of impartiality would best be preserved by reassignment of this case. Inasmuch as [Mr. Israel] pled guilty before trial and []sentencing will not require extensive additional proceedings, reassignment will not entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." United States v. Campo, 140 F.3d 415, 420 (2d Cir. 1998) (quotation marks omitted). See also United States v. Nacchio, -- F.3d --, No. 07 Cr. 1311, 2008 WL 697382, at *25 (10th Cir. Mar. 17, 2008) (in reassigning following appeal, courts consider "whether reassignment is advisable to preserve the appearance of justice, and [] whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness"); In re Ellis, 356 F.3d 1198, 1211 (9th Cir. 2004) ("Given the preliminary nature of the plea proceedings, the minimal potential for waste or duplication of judicial resources is outweighed by the need to proceed in a manner that preserves the appearance of justice."); United States v. Padilla, 186 F.3d 136, 143 (2d Cir. 1999) ("[W]e also must consider whether reassignment is advisable to preserve the appearance of justice. . . . Because resentencing will not require extensive additional proceedings, reassignment will not entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." (quotation marks omitted)).

**C.     In the Alternative, Your Honor Should Order This Case Reassigned To Avoid the Appearance Of Partiality**

Even if the Court concludes that the facts described above do not give the appearance of a "personal bias or prejudice" against Mr. Israel, or demonstrate that Your Honor's "impartiality might reasonably be questioned," 28 U.S.C. §§ 144, 455(a), Your Honor should order this case reassigned because "an objective observer might nonetheless question [Your Honor's] impartiality . . . [and] reassignment would not waste substantial judicial resources because the sentencing followed a plea." United States v. DeMott, 513 F.3d 55, 59 (2d Cir. 2008).  See also Mavroules, 798 F. Supp. 61 (though circumstances did not support a finding of bias or impartiality and therefore did not give rise to recusal under section 144 or 455(a), judge recused himself); United States v. Black, 490 F. Supp. 2d 630 (E.D.N.C. 2007) (after finding no appearance of bias under section 455(a), judge recused himself to promote public confidence in administration of justice).

## **CONCLUSION**

For the foregoing reasons, Your Honor should recuse herself pursuant to sections 144 and/or 455(a) of Title 28 or, in the alternative, order this case reassigned to another district judge in order to preserve the appearance of impartiality.

Dated: April 3, 2008
      New York, New York

                              Respectfully submitted,

                              MORVILLO, ABRAMOWITZ, GRAND,
                                IASON, ANELLO & BOHRER, P.C.

By:     /s/ Barry A. Bohrer
         Barry A. Bohrer (BB-0557)
         Barbara L. Trencher (BT-6722)
         565 Fifth Avenue
         New York, New York 10017
         212-856-9600
         *Attorneys for Defendant Samuel Israel III*