```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-                                                        05 CR 1039 (CM)

SAMUEL ISRAEL III,

    Defendant.

---------------------------------------------------------x

## DECISION AND ORDER DENYING DEFENDANT'S RECUSAL MOTION

McMahon, J.

    Defendant is scheduled to be sentenced on April 14, 2008.

    On April 5, 2008, the Court received a motion from defendant asking the Court to recuse itself from this matter. Defendant argues that "a confluence of facts creates an appearance that Your Honor is biased or prejudiced against Mr. Israel, and suggests that Your Honor's impartiality might reasonably be questioned." (D. Memo at 1). The confluence of events that defendant raises are (1) that the Court kept Israel's case after moving from the White Plains courthouse to the New York City courthouse, while reassigning all its other cases; (2) the Court refused to adjourn Israel's sentence for months to allow defendant to undergo various medical procedures; and (3) the Court caused a letter from defense counsel to be docketed that contained information about Israel's various medical conditions.

    Defendant's motion for this Court to recuse itself or to transfer the case to another judge for sentencing is denied

    The first ground assigned by the defendant is predicated on a mistake of fact. It is not true that the only case the court retained when my duty station changed from White Plains to Foley Square was defendant's case. Most of my pending docket in White Plains was transferred to The Hon. Kenneth M. Karas, whose duty station changed from Foley Square to White Plains. However, the court did not transfer all pending cases to Judge Karas. By memorandum to the Case Assignment Committee dated July 30, 2007, I indicated that I would be keeping seven individual civil cases, two sets of cases that had been transferred to me by the Judicial Panel on Multi-District Litigation (a total of 23 civil cases), and four criminal cases that were pending sentence. A few other cases, including a long-pending habeas petition and the criminal cases of cooperators who had testified before me at the trial of a co-defendant, were transferred subsequently. For a time, I also continued to handle violations of supervised release for defendants whom I had sentenced, although eventually the logistical difficulties that presented for the Government and defense counsel cause me to reevaluate

that practice and reassign those matters to Judge Karas. As I am presently supervising Judge Brieant's criminal docket, which will necessitate my presence in White Plains on a regular basis for the foreseeable future, Judge Karas and I may decide to change that arrangement again, at least on a temporary basis.

In every instance, the reason for retaining the case or groups of cases retained by the court was judicial efficiency. Each case or group of cases that I kept on my docket was a case or group of cases on which the court had already done substantial work, and with which the court was intimately familiar with the facts.

One of the two groups of cases assigned to me by the JPML that I retained were the civil cases relating to the implosion of the Bayou Hedge Funds (In re: Bayou Hedge Funds Investment Litigation, 06 md 1755). One of the seven civil cases was the Government's forfeiture action against Bayou, which was assigned to this court as a related case. Three of the four cases pending sentencing were the criminal cases of the three Bayou principals: Samuel Israel, James Marquez and Daniel Marino. In addition to the court's overall familiarity with the Bayou situation and the resulting lawsuits – including the Bayou Bankruptcy, which has complicated the issue of restitution insofar as it relates to defendants Israel and Marino – this court was already supervising the Government forfeiture action, so the money that was to constitute the bulk of any sentence of restitution was already under the court's control. It made eminent sense, from a judicial resources perspective, to retain the Bayou criminal cases for sentencing; any suggestion that this court singled out Mr. Israel's case for retention out of some personal bias toward him is unfounded.

Similarly unfounded is Mr. Israel's suggestion of bias because the Court denied defendant's request for a further extended adjournment of his sentence (which was originally scheduled for January 9, 2006, but postponed numerous times since at the request of the parties) to allow him to undergo medical treatment for various medical conditions. Mr. Israel pled guilty in 2005. It is now 2008. The defendant's submissions demonstrate that his medical conditions are of long standing; he could have dealt with these matters in the two and one half years since he entered his plea. Many defendants who appear before the court for sentencing have medical problems, sometimes quite serious medical problems. They are not given endless open-ended postponements of their sentences to obtain medical treatment, and no one has suggested any reason why Mr. Israel should be treated any differently.

Finally, the Court did not direct anyone to docket the letter from counsel that contained information about Mr. Israel's medical condition. A member of my chambers staff docketed the letter (as a request for an adjournment) on his own initiative, without any input from the court. There was no request that the letter be placed under seal, and the docketing staff member failed to recognize that the letter contained sensitive material. Defendant's suggestion that the docketing of this letter from his attorney constitutes evidence of bias is, like his other arguments, without foundation.

Defendant's recusal motion is denied. Defendant will be sentenced on April 14, 2008, at

10:00a.m.

This constitutes the decision and order of the court.

April 8, 2008

_____
U.S.D.J.

BY FAX TO:

Margery Feinzig, AUSA
Fax: (914) 993-1980

Barry A. Bohrer
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C
565 Fifth Avenue
New York, NY 10017
Fax: (212) 856-9494