# MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO
LAWRENCE S. BADER
BARRY A. BOHRER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
ROBERT G. MORVILLO
BARBARA MOSES*
JODI MISHER PEIKIN
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
JOHN J. TIGUE, JR.
CYRUS R. VANCE, JR.
RICHARD D. WEINBERG

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

565 FIFTH AVENUE
NEW YORK, N.Y. 10017

TELEPHONE
(212) 856-9600

www.maglaw.com

FACSIMILE
(212) 856-9494

WRITER'S DIRECT DIAL
(212) 880-9550

COUNSEL
JUDITH L. MOGUL
CHRISTOPHER J. MORVILLO
E. SCOTT MORVILLO
GREGORY MORVILLO

SENIOR ATTORNEY
THOMAS M. KEANE

MICHAEL C. SILBERBERG
1940-2002

April 11, 2008

**BY ECF AND FACSIMILE**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Samuel Israel III*, 05 Cr. 1039

Dear Judge McMahon:

      As Your Honor is aware, we represent Samuel Israel III in the above-referenced case. We are writing to renew Mr. Israel's Motion for Recusal or, in the Alternative, Reassignment (the "Recusal Motion"). This request is based on our belief that in denying the Recusal Motion, the Court did not address one of our primary grounds for the Recusal Motion, as well as additional facts that have to come to our attention since the Recusal Motion was filed.

    A.    **Background**

      On April 3, 2008, Mr. Israel moved to recuse Your Honor or, in the alternative, for reassignment to a different district judge in the Southern District of New York. In support of his Recusal Motion, Mr. Israel argued that the cumulative effect of certain facts that became known to Mr. Israel recently suggests an appearance of bias or prejudice, or that Your Honor's

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

The Honorable Colleen McMahon    - 2 -     April 11, 2008

impartiality might reasonably be questioned. These facts were the following: (1) Your Honor's Order dated February 6, 2008[1] suggests the appearance of some animosity towards Mr. Israel, including a disregard for Mr. Israel's medical condition and needs, and Your Honor's directives in that Order deprive Mr. Israel of rights to which he is entitled under the Federal Rules of Criminal Procedure and the United States Code; (2) the Court docketed a February 5, 2008 letter of Mr. Israel's counsel that contained confidential medical information, thereby further demonstrating an apparent disregard for Mr. Israel's health and the privacy to which he is entitled with respect to his medical conditions; and (3) Your Honor's "entire pending docket, civil and criminal," purportedly was reassigned to Judge Karas as of August 3, 2007, but this case (and the related civil and criminal actions) was not transferred to Judge Karas, thereby suggesting that Your Honor has a particular interest in this action and a desire to impose sentence on Mr. Israel.

By Order dated April 8, 2008, the Court denied Mr. Israel's Recusal Motion. In denying the motion, the Court stated the following: (1) the Court's decision not to further adjourn Mr. Israel's sentencing to allow him to undergo medical treatment does not demonstrate bias against Mr. Israel; (2) a member of the Court's staff, rather than the Court, directed the docketing of counsel's letter containing Mr. Israel's confidential medical information; and (3) despite the language contained in the Court's memorandum dated July 26, 2007, Your Honor's entire pending docket was not transferred to Judge Karas effective August 3, 2007, and Your Honor retained seven civil cases, two groups of cases consolidated by the Judicial Panel on Multi-District Litigation, and four criminal cases.

The Court's Order did not address at all Mr. Israel's argument that the February 6 Order suggests the appearance of some animosity towards Mr. Israel, including a disregard for Mr. Israel's medical condition and needs. Nor did the Court address the fact that the Court's directives in the February 6, 2008 Order deprive Mr. Israel of rights to which he is entitled under the Federal Rules of Criminal Procedure and the United States Code.

On February 7, 2008, the day before the Court issued its Order denying the Recusal Motion, counsel for Mr. Israel learned that Your Honor has a personal relationship with one of Mr. Israel's victims. Specifically, investor Peter Haje is Your Honor's former law partner. The Court first indicated that it "knew" one of the investors during Marquez's sentencing on January 22, 2008, stating, "I should note that the reason that Judge Brieant and not I decided, or handled the appeal from Judge Hardin's [bankruptcy] decision [denying a motion to dismiss filed by the 95 investors who redeemed their investments during the last 14 months prior to Bayou's collapse], is that it turned out I knew one of the 95 investors. And they were all appealing jointly." Marquez Sentencing Tr. at 40-41. The Court did not identify the investor or describe the relationship between the Court and the investor. Nor did the Court explain the procedural basis pursuant to which the bankruptcy appeal was reassigned from Your Honor to Judge Brieant. Mr. Israel was not present at Marquez's sentencing.

---

[1] A copy of the February 6, 2008 Order was attached to the Motion as Ex. D.

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.

The Honorable Colleen McMahon    - 3 -    April 11, 2008

More than two months later, during a hearing on the government's proposed restitution order, the Court stated on the record that "one of the appearances is on behalf of one of the nonsettling defendants, who is Mr. Ha[j]e. Mr. Ha[j]e is a former law partner of mine. I think everybody knows that. I can see no basis to disqualify myself from this matter. He stands in exactly the same position as a number of other people here." 4/3/08 Tr. in United States v. Israel, 05 Cr. 1039; United States v. Marino, 05 Cr. 1036; United States v. Marquez, 06 Cr. 1138. None of the defendants were present at the April 3, 2008 hearing. Moreover, Mr. Israel was not aware that one of the Bayou investors is Your Honor's former law partner.

**B.  Argument**

In his Recusal Motion, Mr. Israel's argument with respect to the Court's February 6, 2008 Order was three-fold. First, Mr. Israel argued that in stating that "[the Court is] not interested in defendant's medical problems," the Court not only displayed animosity towards Mr. Israel, but also indicated that the Court may not be inclined to sentence Mr. Israel in accordance with the law, which requires the Court to consider Mr. Israel's medical condition. *See* 18 U.S.C. § 3553(a); Recusal Motion at 10. Second, Mr. Israel argued that the schedule that the Court set in the February 6 Order had the effect of depriving Mr. Israel of the time to which he was entitled Under the Federal Rules of Criminal Procedure to object to the Pre-Sentence Investigation Report. And because the Court's February 6 Order stated that the Court did "not care to receive any further correspondence concerning this matter," Mr. Israel did not believe that he could contact the Court regarding this deprivation of his rights. Third, in his affidavit in support of the Recusal Motion, Mr. Israel pointed out that by scheduling his sentencing prior to the completion of his cooperation, the Court likely was depriving Mr. Israel of some of the credit to which he may entitled in connection with his sentencing.[2]

Mr. Israel did not argue, in his Recusal Motion, that the Court had displayed "bias because the Court denied defendant's request for a further adjournment of his sentence (which was originally scheduled for January 9, 2006, but postponed numerous times since at the request of the parties) to allow him to undergo medical treatment for various conditions."[3] Indeed, such an argument would have been inaccurate because counsel's February 5, 2008 request for an adjournment so that Mr. Israel could attend to medical needs was essentially granted. Moreover, contrary to the Court's intimations, Mr. Israel's sentence was not repeatedly adjourned due to Mr. Israel's medical condition. To the contrary, Mr. Israel's sentence was repeatedly adjourned at the request of the government, and with Mr. Israel's consent, because Mr. Israel was cooperating in on-going investigations.

In light of the foregoing, Mr. Israel continues to believe that the language of the February 6, 2008 Order, and the deprivation of rights that resulted from that Order, creates the

---

[2] *See* 4/4/08 Israel Affidavit ¶ 2(a).
[3] 4/8/08 Order Denying Recusal Motion.

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.

The Honorable Colleen McMahon — 4 — April 11, 2008

appearance that Your Honor is not impartial with respect to Mr. Israel, and that Your Honor harbors bias or prejudice against him.

Moreover, Mr. Israel's argument is underscored by the Court's recent disclosures during the Marquez sentencing and the April 4, 2008 hearing. The Court has acknowledged that one of Mr. Israel's victims, Peter Haje, is Your Honor's former law partner. As a result of this relationship, the Court apparently felt that it would be inappropriate to preside over an appeal from the bankruptcy court involving Mr. Haje's investment in Bayou. Yet, the Court has never formally disclosed this relationship to Mr. Israel, and has provided no explanation as to why reassignment was appropriate in the bankruptcy appeal, but is not required or appropriate in this criminal action, particularly at this critical phase. That the Court has known one of Mr. Israel's victims for many years, and was a business partner of that victim, certainly creates the appearance that Your Honor is not impartial with respect to Mr. Israel, particularly given that Mr. Haje is now a defendant in a lawsuit as a result of Mr. Israel's conduct. That the Court has concluded that reassignment is appropriate in the bankruptcy case, but not this action, is troubling given that this is a criminal action in which the most fundamental rights are at stake. See Liteky v. United States, 510 U.S. 540, 548 (1994) ("Quite simply and quite universally, recusal [i]s required whenever 'impartiality might reasonably be questioned.'" (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)); In re United States of America, 441 F.3d 44, 66 (1st Cir. 2006) ("Partiality in favor of the government may raise a defendant's due process concerns."); United States v. Moolenaar, No. 06 Cr. 1342, 2007 WL 4455784, at *3 (3d Cir. Dec. 11, 2007) (Reassignment "is called for when it is necessary to 'preserve not only the reality but also the appearance of the proper functioning of the judiciary as a neutral, impartial administrator of justice.'" (quoting Alexander v. Primerica Holdings, 10 F.3d 155, 165 (3d Cir.1993)). Under these circumstances, we respectfully submit that Your Honor should recuse herself, or order reassignment of this case, in order to preserve the appearance of impartiality.

## CONCLUSION

Based on the foregoing, Mr. Israel respectfully renews his Motion for Recusal or, in the Alternative, Reassignment. The facts stated above and in the Recusal Motion raise serious questions regarding the appearance of bias or prejudice, and Your Honor's impartiality, with respect to Mr. Israel. In order to preserve Mr. Israel's right to due process, Your Honor should recuse herself or have this case reassigned to another district judge.

Respectfully submitted,

Barry A. Bohrer
Barbara L. Trencher

cc:   AUSA Margery Feinzig