# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                        Plaintiff,

- against -

SAMUEL ISRAEL III,                                 05 Cr. 1039 (CM)

                        Defendant.                   **VERIFIED PETITION FOR**
                                                            **ADJUDICATION OF INTEREST**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  **PURSUANT TO 21 U.S.C. § 853(n)**

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                        Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Petitioners ROBERT B. NICHOLS and ELLEN M. NICHOLS (collectively "Petitioners"), by their attorneys Bainton McCarthy LLC, as and for their Verified Petition for the Adjudication of their interest in property subject to criminal forfeiture pursuant to 21 U.S.C. § 853(n), respectfully state as follows:

      1.     Petitioner Robert B. Nichols ("Mr. Nichols") is a natural person, resident of the State of Hawaii, and married to Petitioner Ellen M. Nichols.

      2.     Petitioner Ellen M. Nichols is a natural person, resident of the State of Hawaii, and married to Mr. Nichols.

      3.     Petitioners are owners and account holders of US Dollar account number 57409731, sort code 40-05-15 with HSBC Bank plc ("HSBC") in London, England (the "Account").

4. Upon information and belief, the United States of America (the "Government") contends that the funds in the Account belong to Defendant Samuel Israel III ("Israel").

5. Upon information and belief, the Government requested the assistance of the United Kingdom pursuant to a certain Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, and obtained a Restraint Order Prohibiting Disposal of Assets, dated November 15, 2007 (the "Restraint Order").

6. Pursuant to the Restraint Order, Petitioners are prohibited from disbursing funds in the Account. The balance on the Account is approximately $1,056,000.

7. Petitioners are joint owners of the Account, which they opened in or about April 2002 at the New Bond Street Branch of HSBC.

8. The funds held in the Account include funds Israel paid to Mr. Nichols as a bona fide provider of services as described below.

9. In or about April 2004, Mr. Nichols first met Israel and discussed several topics. Israel spoke with Mr. Nichols about his investigating and locating for Israel personally certain financial instruments that Israel believed to be bona fide obligations of the Department of Treasury of the United States of America (the "Project").

10. Mr. Nichols' prior experience with the specifics of the Project and his acquaintance with individuals associated with the Government and with other individuals associated with the governments of other nations made him specially qualified to undertake the Project, whose scope contemplated, among other things, Mr. Nichols' contact with representatives of foreign governments with whom he was personally acquainted.

11. On July 11, 2004, Mr. Nichols entered into a written Financial and Security Consultancy Agreement with Israel providing for Mr. Nichols to act as Israel's "personal 'Financial and Security Consultant'" (the "Agreement").

12. Pursuant to the Agreement and in consideration of Mr. Nichols' services, Israel paid him a "non refundable fee" of $10 Million. A portion of that fee is presently on deposit in the Account.

13. Mr. Nichols performed his obligations under the Agreement, which related to Israel's pursuit of the Project.

14. At all relevant times, Mr. Nichols understood that he was providing services to Israel personally that were wholly unrelated to any business of Bayou Management, LLC, or any other business entities related to Bayou Management, LLC (collectively the "Bayou Group").

15. At all relevant times, the public press in general, and the financial press in particular, had reported widely on Israel's "success" at the Bayou Group.

16. Israel represented to Mr. Nichols that the $10 million fee he paid to Mr. Nichols pursuant to the Agreement was from his personal funds.

17. Based upon publicly available and generally favorable information about Israel, it was reasonable for Mr. Nichols to believe this representation.

18. At the times Mr. Nichols first met Israel; entered into the Agreement; fulfilled his obligations thereunder; and received his fee for his services, he did not know, nor did he have any reason to believe or suspect, that Israel had breached any obligation he owed to the Bayou Group.

19. Mr. Nichols believes that the services that he provided to Israel involved matters of national interest. Mr. Nichols was advised by Israel and others that Israel's pursuit of the Project was known to and had been sanctioned by the Government.

20. Confirmation of the Government sanction and the general legitimacy of the Project was communicated to Mr. Nichols by Mr. John P. Ellis, who at the time was affiliated with GH Venture Partners of New York, New York, a company that enjoyed (and enjoys) an honorable reputation.

21. Mr. Ellis is the first cousin of President George W. Bush and his material involvement with President Bush's 2004 political campaign (particularly in Florida) was reported in the general press.

22. It was therefore reasonable for Mr. Nichols to rely upon the statements made to him by Mr. Ellis about the legitimacy of both the Project and Israel.

23. Mr. Nichols only became aware of the criminal allegations against Israel after this action became public in or about September 2005, which was long after all of the events giving rise to this Petition had occurred.

24. Accordingly, the interest of Petitioners in the Account is prior, paramount, and superior to any interest of any other party

WHEREFORE, Petitioners Robert B. Nichols and Ellen M. Nichols respectfully demand that this Court:

1. Enter a judgment for restitution to the full extent of their interest in the Account;

2. Declare that their interest in the property is prior, paramount, and superior to any interest of any other party; and

3. Render such other, further or different relief as it may deem just and proper.

Dated: New York, New York
       April 17, 2008

BAINTON McCARTHY LLC

By: _____
    J. Joseph Bainton (JB-5934)

*Attorneys for Petitioners*
*Robert B. Nichols and Ellen M. Nichols*
26 Broadway, Suite 2400
New York, NY 10004-1840
(212) 480-3500
(212) 480-9557 (facsimile)

TO:  Michael J. Garcia, Esq.
     United States Attorney
     Southern District of New York
     One Saint Andrews Plaza
     New York, New York 10007
     Attn:  Sharon Cohen Levin, Esq.
            Chief, Asset Forfeiture Unit

     -- and --

Barry A. Bohrer, Esq.
Morvillo, Abramowitz, Grand, Iason,
     Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017
Attorneys for Defendant Samuel Israel III

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

       Plaintiff,

 - against -

SAMUEL ISRAEL III,

       Defendant,

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

       Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

05 Cr. 1039 (CM)

**VERIFICATION OF PETITION FOR ADJUDICATION OF INTEREST PURSUANT TO 21 U.S.C. § 853(n)**

STATE OF CALIFORNIA  )
          ) ss.:
COUNTY OF LOS ANGELES )

   ROBERT B. NICHOLS, under penalty of perjury, declares: I have read the foregoing Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) and know the contents thereof and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

                      _____
                      ROBERT B. NICHOLS

SUBSCRIBED &
Sworn to before me this
17 day of April 2008

_____
Notary Public

HOWARD ELLIS
Commission # 1585088
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                          Plaintiff,

- against -

SAMUEL ISRAEL III,

                          Defendant,

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                          Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

05 Cr. 1039 (CM)

**VERIFICATION OF PETITION FOR ADJUDICATION OF INTEREST PURSUANT TO 21 U.S.C. § 853(n)**

STATE OF CALIFORNIA     )
                                ) ss.:
COUNTY OF LOS ANGELES  )

      ELLEN M. NICHOLS, under penalty of perjury, declares: I have read the foregoing Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) and know the contents thereof and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

                                                                 ELLEN M. NICHOLS

SUBSCRIBED &
Sworn to before me this
12 day of April 2008

_____
Notary Public

HOWARD ELLIS
Commission # 1585088
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2009

7

## CERTIFICATE OF SERVICE

Michael T. Roussel, hereby certifies that on April 29, 2008, I served a true and correct copy of the *Verified Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n)*, via first-class mail on the following parties:

Michael J. Garcia, Esq.  
United States Attorney  
Southern District of New York  
One Saint Andrews Plaza  
New York, New York 10007  
Attn:   Sharon Cohen Levin, Esq.  
           Chief, Asset Forfeiture Unit

Barry A. Bohrer, Esq.  
Morvillo, Abramowitz, Grand, Iason,  
Anello & Bohrer, P.C.  
565 Fifth Avenue  
New York, New York 10017

_____  
Michael T. Roussel