# **<u>EXHIBIT E</u>**

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Bayou Group, LLC

Bankruptcy Case No.: 06–22306–ash

Bayou Management, LLC

Plaintiff,

–against–

Adversary Proceeding No. 08–08292–ash

Robert B. Nichols
Ellen M. Nichols
Samuel Israel III
John Does 1–5

Defendant

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: | |
|---|---|
| | **Clerk of the Court** |
| | **United States Bankruptcy Court** |
| | **Southern District of New York** |
| | **300 Quarropas Street** |
| | **White Plains, NY 10601** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: | |
|---|---|
| | **Gary J. Mennitt** |
| | **Dechert, LLP** |
| | **1095 Avenue of the Americas** |
| | **New York, NY 10036–8734** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court Southern District of New York 300 Quarropas Street White Plains, NY 10601 | Room: Courtroom 520, White Plains Office, 300 Quarropas Street, White Plains, NY 10601 |
|---|---|
| | Date and Time: 7/8/08 09:40 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 6/2/08

Kathleen Farrell–Willoughby

*Clerk of the Court*

By: /s/ Lonnie Webb

*Deputy Clerk*



DECHERT LLP
1095 Avenue of the Americas
New York, New York  1036-6797
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
H. Jeffrey Schwartz
Gary J. Mennitt
Elise Scherr Frejka
Jonathan D. Perry

*Attorneys for Plaintiff Bayou Management LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11
                                                             :
BAYOU GROUP, LLC, et al.,                                    :    Case No.: 06-22306 (ASH)
                                                             :
                              Debtors.                       :    Jointly Administered
                                                             :
------------------------------------------------------------ X
BAYOU MANAGEMENT LLC,                                        :    Adv. Proc. No.:
                                                             :
                              Plaintiff,                     :
                                                             :
            -against-                                        :
                                                             :
ROBERT B. NICHOLS, ELLEN M. NICHOLS,                         :
SAMUEL ISRAEL III, JOHN DOES 1-5, (the last                  :
names being names unknown to Plaintiff, the                  :
parties intended being any other parties who are             :
transferors, transferees, or beneficiaries of any of         :
the conveyed assets described in the Complaint, and          :
who gave no, or less than fair, consideration for            :
such assets),                                                :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X


**<u>COMPLAINT</u>**

Bayou Management LLC ("Bayou Management" or "Plaintiff"), by and through its counsel, Dechert LLP, as and for its Complaint against Robert B. Nichols ("Nichols"), Ellen M. Nichols ("Mrs. Nichols"), Samuel Israel III ("Israel"), and John Does 1 through 5 ("Does 1-5"), such names being unknown to Plaintiff, the parties intended being any parties who are transferors, transferees, or beneficiaries of any of the conveyed assets described herein, respectfully alleges as follows:

### Nature of the Adversary Proceeding

1.      On May 30, 2006, Bayou Group, LLC, Bayou Management, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC ("Bayou Superfund"), Bayou No Leverage Fund, LLC ("Bayou No Leverage"), Bayou Affiliates Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited," and together with Bayou Fund, Bayou Superfund, Bayou No Leverage, and Bayou Affiliates, the "Bayou Hedge Funds") (collectively, the "Bayou Entities") filed with this Court separate voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      This adversary proceeding arises from a massive fraudulent investment scheme perpetrated by the Bayou Entities, which are an affiliated group of entities that created, operated, comprised, and controlled private pooled investment funds.  During the course of this fraud, the Bayou Entities attracted more than $450 million in investments for their hedge funds.  After suffering millions of dollars in trading losses, the Bayou Entities attempted to stay afloat, and indeed prolonged the scheme, by disclosing false investment performance and creating false financial statements.  The Bayou Entities also attempted to conceal their losses through a series of fraudulent transfers.  Ultimately, the Bayou Entities' fraudulent investment scheme collapsed, with approximately $250 million in principal unpaid to hundreds of creditors.

2

3.      In spring 2004, facing many years of accumulated trading losses and mounting pressure from investors and regulators, Israel caused the prime brokerage accounts of the Bayou Hedge Funds to be transferred first to Bayou Management and then to his personal bank account. Thereafter, Israel transferred $10 million of the misappropriated funds to Nichols, Mrs. Nichols, and John Does 1-5.  Plaintiff therefore brings this adversary proceeding pursuant to §§ 105(a), 548(a), 550(a)(2), and 1107 of the Bankruptcy Code to set aside a fraudulent transfer made by Bayou Management to Israel and to recover and preserve a portion of said transfer for the benefit of Bayou Management's estate from Nichols, Mrs. Nichols, and John Does 1-5.

## Jurisdiction and Venue

4.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) of the subject matter of this proceeding because the claims asserted herein arise under Chapter 11 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, White Plains Division (the "Bankruptcy Court").

5.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157, 1134, and 1337 because this adversary proceeding arises in or under Bayou Management's Chapter 11 case.  Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court.  Pursuant to Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), each Defendant must plead whether this proceeding is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

6.      Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because Bayou Management's case is pending in this district and division.

3

## The Parties and Related Entities

7.    Bayou Management is a New York limited liability company.

8.    Pursuant to an Order of the United States District Court for the Southern District of New York (the "District Court") entered on April 28, 2006, Jeff J. Marwil succeeded to be the sole and exclusive managing member and authorized representative of each of the Bayou Entities. Thus, Bayou Management has a principal place of business located at Marwil's offices, c/o 35 W. Wacker Drive, Chicago, Illinois 60611. Because Marwil was not appointed until after the transfers which are the subject of this Complaint were made, Marwil does not have personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on information and belief.

9.    Upon information and belief, Israel is an individual with an address at 4 Byram Brook Place, Armonk, New York 10504.

10.    Upon information and belief, Nichols is an individual with an address at 4999 Kahala Avenue, Box 10307, Honolulu, Hawaii 96818.

11.    Upon information and belief, Mrs. Nichols is an individual with an address at 4999 Kahala Avenue, Box 10307, Honolulu, Hawaii 96818.

12.    Each of the defendants Does 1-5 are names unknown to Bayou Management, the parties intended being any other parties who are transferors, transferees, or beneficiaries of any of the fraudulently conveyed assets described herein, and who gave no, or less than fair, consideration for such assets. Plaintiff will amend this Complaint to include their true identities and capacities when and if they are ascertained.

## The Fraudulent Transfer to Israel

13.    The Bayou Entities were engaged in a series of fraudulent actions and transactions in furtherance of a criminal investment scheme. Israel and Daniel E. Marino, who directed and

4

controlled the business of the Bayou Entities from their inception through August 2005, both have pleaded guilty and been sentenced in this District to federal counts of mail and wire fraud, investment advisor fraud, and conspiracy to commit fraud relating to their operation of the Bayou Hedge Funds. James Marquez, a principal of the Bayou Entities from their inception through at least October 2001, pleaded guilty to a single count of conspiracy to commit fraud relating to his operation of the Bayou Hedge Funds and has been sentenced.

14.     In or about April 2004, virtually all of the contents of the Bayou Hedge Funds' brokerage accounts were wired into a bank account titled "Bayou Management LLC Special Account."

15.     On or about July 8, 2004, Israel caused $120 million be transferred from Bayou Management to a bank account in Israel's name at Deutsche Postbank in Hamburg, Germany (the "Fraudulent Transfer").

16.     At the time of the Fraudulent Transfer, Israel had no right, title, or interest in or to the funds constituting the Fraudulent Transfer.

17.     Israel caused Bayou Management to transfer the funds with the actual intent to hinder, delay, and defraud by misappropriating for himself the funds owed to the Bayou Hedge Funds and the Bayou Hedge Funds' investor creditors.

18.     Israel and the Bayou Entities failed to disclosure the Fraudulent Transfer to the Bayou Hedge Funds' investors.

### Israel Diverts $10 Million to Nichols

19.     In 2004, Israel sought to invest in a series of "prime bank instrument trading programs" in Europe.

20.     According to Nichols, in or about April 2004, Nichols and Israel met, and Israel "spoke with Mr. Nichols about his investigating and locating for Israel personally certain

5

financial instruments that Israel believed to be bona fide obligations of the Department of the Treasury of the United States of America." *See* Verified Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) verified by Nichols and Mrs. Nichols on April 17, 2008 at ¶ 9 attached hereto as Exhibit A and hereinafter referred to as the "Nichols Petition."

21.    Upon information and belief, Israel personally retained Nichols to help formulate and implement a scheme to invest more than $100 million in prime bank instrument trading programs.

22.    Nichols admits his "prior experience with the specifics of the [prime bank instrument trading program] and his acquaintance with individuals associated with the [U.S.] Government and with other individuals associated with the governments of other nations made him specially qualified to undertake the [prime bank instrument trading program] whose scope contemplated, among other things, Mr. Nichol's contact with representatives of foreign government with whom he was personally acquainted." Nichols Petition at ¶ 10.

23.    Nichols admits that Israel and Nichols formalized their relationship on July 11, 2004, when they "entered into a written Financial and Security Consultancy Agreement" whereby Nichols would act as "personal "Financial and Security Consultant'" to Israel. Nichols Petition at ¶ 11.

24.    Upon information and belief, the Financial and Security Consultancy Agreement required Israel to pay Nichols a $10 million fee.

25.    Upon information and belief, three days after the Fraudulent Transfer and on or about July 19, 2004, Israel transferred $10 million to Nichols (the "Recoverable Transfer") from Israel's account at Postbank.

26.     According to Nichols, "the $10 million fee [Israel] paid to Mr. Nichols . . . was from [Israel's] personal funds." Nichols Petition at ¶ 16. Upon information and belief, the source of the $10 million fee paid to Nichols from Israel's "personal funds" was the Fraudulent Transfer.

27.     Nichols admits that he "understood that he was providing services to Israel personally that were wholly unrelated to any business of Bayou Management, LLC, or any other business entities related to Bayou Management, LLC." Nichols Petition at ¶ 14.

28.     Nichols admits that he received the Recoverable Transfer. Nichols Petition at ¶ 12.

29.     Nichols and Mrs. Nichols admit that Nichols transferred at least $1,056,000 of the Recoverable Transfer to a joint account held by Nichols and Mrs. Nichols. Nichols Petition at ¶ 7-8.

### First Claim for Relief

**(Against Israel: Action to Avoid Fraudulent Transfer of Money Pursuant to Bankruptcy Code § 548(a)(1)(A))**

30.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein at length.

31.     The Fraudulent Transfer was made by Bayou Management with the actual intent to hinder, delay, or defraud the creditors of the Bayou Entities. Bayou Management made the Fraudulent Transfer to or for the benefit of Israel in furtherance of a fraudulent investment scheme.

32.     At the time of the Fraudulent Transfer, Israel had no right, title, or interest in or to the funds constituting the Fraudulent Transfer.

33.    Israel caused Bayou Management to transfer the funds with the actual intent to hinder, delay, and defraud by misappropriating for himself the funds owed to the Bayou Hedge Funds and the Bayou Hedge Funds' investor creditors.

34.    Israel cannot satisfy his burden of establishing that he took the Fraudulent Transfer for value or in good faith.

35.    As a result of the foregoing, pursuant to Bankruptcy Code § 548(a)(1)(A), Bayou Management is entitled to a judgment against Israel avoiding and preserving the Fraudulent Transfer and directing that the Fraudulent Transfer be set aside.

## Second Claim for Relief

**(Against Nichols, Mrs. Nichols, and John Does 1-5:  Action to Recover Fraudulent Transfers Pursuant to Bankruptcy Code § 550(a)(2))**

36.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein at length.

37.    Nichols, Mrs. Nichols, or John Does 1-5, named and unnamed, are the immediate or mediate transferees of the Recoverable Transfer under Bankruptcy Code § 550(a)(2).

38.    To the extent Nichols, Mrs. Nichols, or John Does 1-5, named and unnamed, are immediate or mediate transferees of the Fraudulent Transfer to the extent of the amount of the Recoverable Transfer, Nichols, Mrs. Nichols, or John Does 1-5 did not take such transfer for value or in good faith and/or without knowledge of the voidability of such transfer.

39.    As a result of the foregoing, pursuant to Bankruptcy Code § 550(a)(2), Bayou Management is entitled to a judgment recovering from Nichols, Mrs. Nichols, or John Does 1-5 the Recoverable Transfer or the value of the Recoverable Transfer.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in favor of Bayou Management as follows:

8

i       On Plaintiff's First Claim for Relief against Israel pursuant to Bankruptcy Code § 548(a)(1)(A), avoiding the Fraudulent Transfer and directing that the Fraudulent Transfer be set aside;

ii      On Plaintiff's Second Claim for Relief against Nichols, Mrs. Nichols, and John Does 1-5 pursuant to Bankruptcy Code § 550(a)(2), recovering from Nichols, Mrs. Nichols, and John Does 1-5, the Recoverable Payment, or the value of the Recoverable Payment, for the benefit of Bayou Management's estate;

iii     Against Nichols, Mrs. Nichols, and John Does 1-5 on the Second Claim for Relief, pursuant to federal common law, awarding Bayou Management prejudgment interest from the date on which the Recoverable Transfer was received;

iv      Awarding Bayou Management all applicable interest, costs, and disbursements of this adversary proceeding; and

v      Granting Plaintiff such other, further, and different relief as the Court deems just, proper, and equitable.

Dated: New York, New York
      May 30, 2008

DECHERT LLP

By:/s/ Gary J. Mennitt
    H. Jeffrey Schwartz
    Gary J. Mennitt
    Elise Scherr Frejka
    Jonathan D. Perry
    1095 Avenue of the Americas
    New York, New York  10036-8734
    Telephone:  (212) 698-3500
    Facsimile:  (212) 698-3599

*Attorneys for Plaintiff Bayou Management LLC*

9

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                    Plaintiff,

   - against -

SAMUEL ISRAEL III,                    05 Cr. 1039 (CM)

              Defendant.     **VERIFIED PETITION FOR**
                                    **ADJUDICATION OF INTEREST**
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x  **PURSUANT TO 21 U.S.C. § 853(n)**

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                    Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Petitioners ROBERT B. NICHOLS and ELLEN M. NICHOLS (collectively

"Petitioners"), by their attorneys Bainton McCarthy LLC, as and for their Verified Petition for

the Adjudication of their interest in property subject to criminal forfeiture pursuant to 21 U.S.C.

§ 853(n), respectfully state as follows:

      1.      Petitioner Robert B. Nichols ("Mr. Nichols") is a natural person, resident of the

State of Hawaii, and married to Petitioner Ellen M. Nichols.

      2.      Petitioner Ellen M. Nichols is a natural person, resident of the State of Hawaii,

and married to Mr. Nichols.

      3.      Petitioners are owners and account holders of US Dollar account number

57409731, sort code 40-05-15 with HSBC Bank plc ("HSBC") in London, England (the

"Account").

4.      Upon information and belief, the United States of America (the "Government") contends that the funds in the Account belong to Defendant Samuel Israel III ("Israel").

5.      Upon information and belief, the Government requested the assistance of the United Kingdom pursuant to a certain Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, and obtained a Restraint Order Prohibiting Disposal of Assets, dated November 15, 2007 (the "Restraint Order").

6.      Pursuant to the Restraint Order, Petitioners are prohibited from disbursing funds in the Account.  The balance on the Account is approximately $1,056,000.

7.      Petitioners are joint owners of the Account, which they opened in or about April 2002 at the New Bond Street Branch of HSBC.

8.      The funds held in the Account include funds Israel paid to Mr. Nichols as a bona fide provider of services as described below.

9.      In or about April 2004, Mr. Nichols first met Israel and discussed several topics. Israel spoke with Mr. Nichols about his investigating and locating for Israel personally certain financial instruments that Israel believed to be bona fide obligations of the Department of Treasury of the United States of America (the "Project").

10.     Mr. Nichols' prior experience with the specifics of the Project and his acquaintance with individuals associated with the Government and with other individuals associated with the governments of other nations made him specially qualified to undertake the Project, whose scope contemplated, among other things, Mr. Nichols' contact with representatives of foreign governments with whom he was personally acquainted.

11.     On July 11, 2004, Mr. Nichols entered into a written Financial and Security Consultancy Agreement with Israel providing for Mr. Nichols to act as Israel's "personal 'Financial and Security Consultant'" (the "Agreement").

12.     Pursuant to the Agreement and in consideration of Mr. Nichols' services, Israel paid him a "non refundable fee" of $10 Million. A portion of that fee is presently on deposit in the Account.

13.     Mr. Nichols performed his obligations under the Agreement, which related to Israel's pursuit of the Project.

14.     At all relevant times, Mr. Nichols understood that he was providing services to Israel personally that were wholly unrelated to any business of Bayou Management, LLC, or any other business entities related to Bayou Management, LLC (collectively the "Bayou Group").

15.     At all relevant times, the public press in general, and the financial press in particular, had reported widely on Israel's "success" at the Bayou Group.

16.     Israel represented to Mr. Nichols that the $10 million fee he paid to Mr. Nichols pursuant to the Agreement was from his personal funds.

17.     Based upon publicly available and generally favorable information about Israel, it was reasonable for Mr. Nichols to believe this representation.

18.     At the times Mr. Nichols first met Israel; entered into the Agreement; fulfilled his obligations thereunder; and received his fee for his services, he did not know, nor did he have any reason to believe or suspect, that Israel had breached any obligation he owed to the Bayou Group.

19.     Mr. Nichols believes that the services that he provided to Israel involved matters of national interest.  Mr. Nichols was advised by Israel and others that Israel's pursuit of the Project was known to and had been sanctioned by the Government.

20.     Confirmation of the Government sanction and the general legitimacy of the Project was communicated to Mr. Nichols by Mr. John P. Ellis, who at the time was affiliated with GH Venture Partners of New York, New York, a company that enjoyed (and enjoys) an honorable reputation.

21.     Mr. Ellis is the first cousin of President George W. Bush and his material involvement with President Bush's 2004 political campaign (particularly in Florida) was reported in the general press.

22.     It was therefore reasonable for Mr. Nichols to rely upon the statements made to him by Mr. Ellis about the legitimacy of both the Project and Israel.

23.     Mr. Nichols only became aware of the criminal allegations against Israel after this action became public in or about September 2005, which was long after all of the events giving rise to this Petition had occurred.

24.     Accordingly, the interest of Petitioners in the Account is prior, paramount, and superior to any interest of any other party

WHEREFORE, Petitioners Robert B. Nichols and Ellen M. Nichols respectfully demand that this Court:

1.  Enter a judgment for restitution to the full extent of their interest in the Account;

2.  Declare that their interest in the property is prior, paramount, and superior to any interest of any other party; and

3.  Render such other, further or different relief as it may deem just and proper.

Dated: New York, New York
April 17, 2008

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)

*Attorneys for Petitioners*
*Robert B. Nichols and Ellen M. Nichols*
26 Broadway, Suite 2400
New York, NY 10004-1840
(212) 480-3500
(212) 480-9557 (facsimile)

TO:   Michael J. Garcia, Esq.
      United States Attorney
      Southern District of New York
      One Saint Andrews Plaza
      New York, New York 10007
      Attn:   Sharon Cohen Levin, Esq.
              Chief, Asset Forfeiture Unit

              -- and --

      Barry A. Bohrer, Esq.
      Morvillo, Abramowitz, Grand, Iason,
              Anello & Bohrer, P.C.
      565 Fifth Avenue
      New York, New York 10017
      Attorneys for Defendant Samuel Israel III

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                              Plaintiff,                    05 Cr. 1039 (CM)

        - against -                                         **VERIFICATION OF PETITION
                                                            FOR ADJUDICATION OF
SAMUEL ISRAEL III,                                          INTEREST PURSUANT TO
                                                            21 U.S.C. § 853(n)**

                              Defendant,

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                              Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF CALIFORNIA          )
                             ) ss.:
COUNTY OF LOS ANGELES        )

        ROBERT B. NICHOLS, under penalty of perjury, declares:  I have read the foregoing
Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) and know the contents
thereof and the same are true to my own knowledge, except as to the matters therein stated to be
alleged upon information and belief, and as to those matters I believe it to be true.

                                                    _____
                                                    ROBERT B. NICHOLS

SUBSCRIBED &
Sworn to before me this
17 day of April 2008

_____
Notary Public

HOWARD ELLIS
Commission # 1585088
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2009

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                        Plaintiff,

    - against -

SAMUEL ISRAEL III,

                        Defendant,

ROBERT B. NICHOLS and
ELLEN M. NICHOLS,

                        Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

05 Cr. 1039 (CM)

**VERIFICATION OF PETITION
FOR ADJUDICATION OF
INTEREST PURSUANT TO
21 U.S.C. § 853(n)**

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES  )

     ELLEN M. NICHOLS, under penalty of perjury, declares:  I have read the foregoing Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n) and know the contents thereof and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

                                            ELLEN M. NICHOLS

SUBSCRIBED &
Sworn to before me this
_12_ day of April 2008

_____
     Notary Public

HOWARD ELLIS
Commission # 1585088
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2009

**CERTIFICATE OF SERVICE**

Michael T. Roussel, hereby certifies that on April 29, 2008, I served a true and correct copy of the *Verified Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n)*, via first-class mail on the following parties:

Michael J. Garcia, Esq.
United States Attorney
Southern District of New York
One Saint Andrews Plaza
New York, New York 10007
Attn:    Sharon Cohen Levin, Esq.
         Chief, Asset Forfeiture Unit

Barry A. Bohrer, Esq.
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017

_____
Michael T. Roussel