UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

-against-                                                            05 Cr. 1039 (CM)

SAMUEL ISRAEL III,

        Defendant.

-----------------------------------------------------------x

ROBERT B. NICHOLS and
ELLEN M NICHOLS,

        Petitioners.

-----------------------------------------------------------x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

        BAYOU GROUP LLC, et al.,

        Debtors.

-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08

McMahon, J.:

    Petitioners have moved to withdraw the reference in the above-captioned adversary proceeding and to consolidate it with the above-captioned criminal forfeiture proceeding. In the forfeiture proceeding, the Nichols' assert an interest in approximately $10 million seized by the Government from a certain account at HSBC Bank from Robert and Ellen Nichols. In the adversary proceeding, the Debtor-in-Possession seeks the return of the same money from the Nichols' for the benefit of Bayou's bankruptcy estate, on the ground that Samuel Israel III misappropriated the funds that he paid to Nichols from Bayou. This money was allegedly paid to

the Nicnolm by Bayou for unspecified services that were ostensibly rendered to Samuel Israel "involving matters of national interest." (Petition ¶ 19) In his petition for relief of forfeiture, Mr. Nichols asserts that he entered into his arrangement with Mr. Israel after consulting with one John P. Ellis, "the first cousin of President George W. Bush," whose employer, GH Venture Partners, "enjoyed (and enjoys) an honorable reputation." (Petition ¶ 20) The Nichols claim that Israel represented that he was paying them with his own funds, although this Court has not yet been apprised of any money belonging to Israel during the period encompassed by his business dealings with the Nichols that did not actually belong to Bayou.

Bayou consents to the withdrawal of the reference – notwithstanding that everyone appears to believe the adversary proceeding to be a "core" proceeding, which is not subject to mandatory withdrawal of the reference – as long as the parties are able to take normal discovery under the Federal Rules of Civil Procedure. The Nichols' have requested a jury trial in the adversary proceeding – they are not entitled to one in the forfeiture action – so eventually the matter will have to be heard in this court.

This court has already made clear its view that, to the extent possible, Bayou assets that are not already in the estate ought to be marshalled in the context of the Government's forfeiture action, so as to minimize the attorneys' fees that will be taken out of any funds recovered in the adversary proceedings (but not in connection with forfeiture proceedings).

The Government has not yet weighed in on the issue of conditional consolidation. If the sort of discovery that pertains in a civil action (and that would be allowed in the adversary proceeding) is not the norm in a criminal forfeiture action, this court is not going to impose that burden on the Government. Unless the Government consents, the adversary proceeding can remain in the Bankruptcy Court, where Judge Hardin has been doing his usual excellent job of overseeing all proceedings involving Bayou.

The Government has until July 11 to make its views known.

Dated: July 3, 2008

U.S.D.J.

BY ECF AND FAX TO ALL COUNSEL