UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
UNITED STATES OF AMERICA,
                                 :    PRELIMINARY ORDER OF
                                      FORFEITURE AS TO
            -v-                  :    SPECIFIC PROPERTY

SAMUEL ISRAEL III,               :    05 Cr. 1039 (CM)

            Defendant.           :
--------------------------------x

```
┌──────────────────────────────┐
│ USDS SDNY                     │
│ DOCUMENT                      │
│ ELECTRONICALLY FILED          │
│ DOC #: _____            │
│ DATE FILED: 7|28|08           │
└──────────────────────────────┘
```

        WHEREAS, on or about September 29, 2005, the defendant

SAMUEL ISRAEL III (the "defendant") was charged in Information 05

Cr. 1039 (the "Information") with conspiracy to commit investment

adviser fraud and mail fraud, in violation of 18 U.S.C. § 371

(Count One); investment adviser fraud, in violation of 15 U.S.C.

§§ 80b-6 and 80b-17 (Count Two); and mail fraud, in violation of

18 U.S.C. § 1341 (Count Three);

        WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and Title 28,

United States Code, Section 2461, all property, real and

personal, that constitutes or is derived from proceeds traceable

to the commission of the offenses set forth in Counts One and

Three of the Information, to wit, a sum of money equal to $450

million, representing the amount of proceeds obtained as a result

of the conspiracy and mail fraud offenses alleged in this

Information, for which the defendant and his co-conspirators are

jointly and severally liable;

WHEREAS, on September 29, 2005, the defendant pled guilty to the three-count Information;

WHEREAS, on or about April 14, 2008, the defendant was sentenced to, among other things, a forfeiture money judgment in the amount of $300,000,000;

WHEREAS, on or about April 18, 2008, this Court issued a Final Order of Forfeiture which entered a money judgment (the "money judgment") against the defendant, SAMUEL ISRAEL III, in the amount of $300,000,000;

WHEREAS, over $150,000,000 of the money judgment against the defendant, SAMUEL ISRAEL III, remains unpaid;

WHEREAS, the United States is authorized, pursuant to Rule 32.2, to seek forfeiture of (i) A White 2007 Coach Freelander RV, Vin# 1GBJG31U451240922, NY Tag# EEN5973; (ii) A Blue Yamaha Majesty Motorscooter, Vin# JYASH03Y25A001988;(iii) a Tiffany watch; and (iv) $932.56 in United States currency seized on or about July 2, 2008 from SAMUEL ISRAEL III in Southwick, Massachusetts, as assets of the defendant SAMUEL ISRAEL III, to be applied towards the outstanding money judgment entered against him;

WHEREAS, by virtue of said guilty plea and sentence, pursuant to 21 U.S.C. § 853(g), the United States is entitled, pending any assertion of third-party claims, to reduce the

2

property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the defendant's right, title and interest in the following is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

A.    A White 2007 Coach Freelander RV, Vin# 1GBJG31U451240922, NY Tag# EEN5973;

B.    A Blue Yamaha Majesty Motorscooter, Vin# JYASH03Y25A001988;

C.    A Tiffany watch; and

D.    $932.56 in United States currency seized on or about July 2, 2008 from SAMUEL ISRAEL III in Southwick, Massachusetts

(collectively the "Forfeited Property").  The Forfeited Property shall be applied towards the money judgment entered against the defendant.

2.    The aforementioned Forfeited Property is to be seized pursuant to this Preliminary Order of Forfeiture and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control.

3.    Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation,

3

notice of this Order, notice of the Government's intent to dispose of the Forfeited Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeited Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

4.    Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least 30 consecutive days.  Any person, other than the defendant(s) in this case, claiming interest in the Forfeited Property must file a Petition within 60 days from the first day of publication of

4

the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Forfeited Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

   5.   The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Property, which is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

   6.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

   7.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       July 2&, 2008

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE