UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                    :

UNITED STATES OF AMERICA,         :
                                      :

                Plaintiff,     :     05 Cr. 1039 (CM)

          -against-           :

SAMUEL ISRAEL III,            :

               Defendant.   :
------------------------------------------------------------ X

ROBERT B. NICHOLS and        :
ELLEN M. NICHOLS,            :

             Petitioners.  :
------------------------------------------------------------X

BAYOU MANAGEMENT LLC,     :

              Plaintiff,     :
                                      :     08 Civ. 6036 (CM)
          -against-           :

ROBERT B. NICHOLS, ELLEN M. NICHOLS, :
SAMUEL ISRAEL III, and JOHN DOES 1-5,  :
                                      :

              Defendants.   :
------------------------------------------------------------ X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9|10|08

## PROTECTIVE ORDER

WHEREAS, the relevant documents within the possession, custody or control of the Parties principally were obtained from non-parties to the above captioned proceedings or were created by law enforcement officers during a criminal investigation;

WHEREAS, such documents contain potentially sensitive personal and business information concerning non-parties and sensitive information concerning law enforcement techniques and procedures, the identity of witnesses and law enforcement personnel involved in an investigation, and information that would otherwise interfere with an investigation;

WHEREAS, the parties would like to encourage the expeditious, non-contentious and cost-effective exchange of documents and information to enable timely resolution of these proceedings; and

WHEREAS, entry of a protective order limiting disclosure of such documents and information would protect the potential confidentiality interests of non-parties, aid in preventing the disclosure of law enforcement techniques and procedures, aid in preserving the confidentiality of witnesses and law enforcement personnel involved in an investigation, aid in avoiding interference with a law enforcement investigation, and promote the efficient resolution of the above-captioned proceedings;

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned parties through their respective counsel, as follows:

1.      All documents produced or exchanged by any party or non-party in the course of pre-trial discovery in the above-captioned proceedings, and any secondary material copying, summarizing, extracting or otherwise derived from any contents of such documents (collectively, the "Produced Documents"), SHALL, without the need for any particular document, data or information to be specifically designated or labeled "confidential" or in any other way:  (a) be

2

maintained by the receiving parties in confidence; (b) be used only for purposes related to the above-captioned proceedings and Bayou Management's related adversary proceedings and bankruptcy proceedings; (c) not be used for any business, commercial, competitive, personal, or other purpose or in connection with any other litigation, and (d) be disclosed only to the following persons, subject to the restrictions and conditions set forth in paragraphs 2 and 3 below:

       i.     The Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition, or any appeal therefrom;

      ii.    Parties;

     iii.   Counsel to the Parties and such counsel's clerical, paralegal and secretarial staff;

     iv.   Vendors engaged by counsel for any Party to process;

     v.    Bona fide experts engaged by counsel for any Party, but only to the extent documents reasonably relate to the subject of such engagement; and

     vi.   Trial or deposition witnesses, but only to the extent documents reasonably relate to the subject of such witness's testimony.

     2.    Prior to disclosure of any of the Produced Documents to any of the persons identified in paragraph 1(d)(iv) or (v), such person must execute the Undertaking attached hereto as Exhibit A and return it to counsel for each of the Parties.

     3.    The United States may disclose the Produced Documents to anyone for the purpose of law-enforcement.

4.    In the event that any Produced Documents are disclosed in a deposition, any Produced Document designated as a deposition exhibit and such portion of the deposition transcript discussing the Produced Document shall be clearly marked and identified as "Confidential." Nothing herein precludes the deponent from reviewing the transcript at any time.

5.    In the event that any Produced Documents are used in connection with any trial, hearing or other proceeding in the above-captioned proceedings, or any appeal therefrom, such Produced Documents shall not lose their status and protections under this Order. When possible, such Produced Documents shall be filed under seal. Counsel shall confer with each other on such other procedures as are necessary to protect the confidentiality of any Produced Documents used in the course of the above-captioned proceedings. If the Parties are unable to agree on procedures, they shall request a ruling from the Court.

6.    In the event that any Produced Document is filed under seal, such material, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action, the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following terms:

> This envelope contains [indication of the nature of the contents] which were filed in this action, [Caption], pending in the [Court], by [the Party], pursuant to Protective Order, and is not to be opened or the contents thereof to be displayed or revealed, except by further Order of the United States Court for the Southern District of New York.

7.    In the event that any Party wants to use or disclose Produced Document other than as provided in this Order, such Party shall notify counsel for the producing party at least fourteen calendar days before using or disclosing them in an attempt to obtain that Party's consent for

4

such use or disclosure. If the dispute cannot be resolved in that manner, any Party may move the Court for permission for such use or disclosure.

8.      This Order shall in no way be construed to limit or prevent the production, use, or disclosure of any Produced Document that any of the Parties has otherwise obtained through separate lawful means.

9.      All recipients shall maintain the Produced Documents in a secure and safe manner, and exercise all reasonable standards of due and proper care with respect to the storage, custody and use of such materials so that the Produced Documents are not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

10.     Neither the termination of the above-captioned proceedings, nor the termination of employment of any person who has had access to any Produced Document shall relieve such person from the obligations under this Order.

11.     If any of the Produced Documents are disclosed to any person other than in the manner authorized by this Protective Order, the Parties learning of the disclosure shall, immediately upon learning of such disclosure, inform counsel for the Producing Party, of all pertinent facts relating to such disclosure and shall make every effort to retrieve the material and to prevent disclosure by each unauthorized person who received such material.

12.     If any Party or their counsel is served with a subpoena, notice, or are otherwise legally compelled to produce any of the Produced Documents, such Party or their counsel shall give prompt written notice to the Producing Party at least fourteen days in advance of the requested production date so as to allow for an opportunity to object to production.

13.     Once the above-captioned proceedings are finally resolved, that is, once all appeals relating to any such actions have been exhausted or the time to appeal has expired, a

Producing Party may request that the Parties either (i) return all Produced Documents, or (ii) provide a certification stating that the Produced Documents have been destroyed.

14.     All documents and other materials produced prior to the entry of this Protective Order shall be subject to the terms of this Protective Order beginning on the date on which this Protective Order is signed by the Parties.

AGREED TO AND APPROVED BY:

Dated: ~~September~~ August 28, 2008

J. Joseph Bainton
Deana D. Ahn
BAINTON McCARTHY LLC
26 Broadway, Suite 2400
New York, NY 10004-1840
Tel.: (212) 480-3500
Fax:  (212) 480-9557

*Attorneys for Petitioners-Defendants*
*Robert B. Nichols and Ellen M. Nichols*

Dated:  September 4, 2008

Gary J. Mennitt
Jonathan D. Perry
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3500
Fax:  (212) 698-3599

*Attorneys for Plaintiff Bayou Management*

Dated:  September 8, 2008

Sharon Cohen Levin
Jeff Alberts
U.S. Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York, New York 10007
Tel:
Fax:

*Attorneys for the United States of America*

SO ORDERED.

Dated: New York, New York
         September 10, 2008

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                               :
UNITED STATES OF AMERICA,         :
                               :
                Plaintiff,    :   05 Cr. 1039 (CM)
                               :
      -against-              :
                               :
SAMUEL ISRAEL III,           :
                               :
                Defendant.   :
------------------------------------------------------ X
                               :
ROBERT B. NICHOLS and     :
ELLEN M. NICHOLS,         :
                               :
                Petitioners.  :
------------------------------------------------------X
                               :
BAYOU MANAGEMENT LLC,   :
                               :
                Plaintiff,   :
                               :   08 Civ. 6036 (CM)
      -against-             :
                               :
ROBERT B. NICHOLS, ELLEN M. NICHOLS, :
SAMUEL ISRAEL III, and JOHN DOES 1-5, :
                               :
                Defendants.  :
------------------------------------------------------ X

## UNDERTAKING CONCERNING DOCUMENTS
## COVERED BY PROTECTIVE ORDER

I, _____, declare that:

      1.    I have received a copy of the Protective Order dated September __, 2008 (the "Protective Order") in the above-captioned proceedings, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in the Protective Order as permitted access to the Produced Documents.

      2.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for these proceedings any of the Produced Documents.

      3.    I agree to subject myself personally to the jurisdiction of the Court for the purpose of proceedings relating to my performance under, compliance with, or violation of this Protective Order.

      4.    I understand that disclosure of any of the Produced Documents in violation of this Protective Order may constitute contempt of court.

      I declare under penalty of perjury that the foregoing is true and correct.


_____          _____
      Date                             Signature
                                 [Print Name]: _____