

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :        SECOND AMENDED
                                        DISTRIBUTION ORDER
    -v.-                       :

SAMUEL ISRAEL III,             :        05 Cr. 1039 (CM)

                Defendant      :

- - - - - - - - - - - - - - - - - - - - x

WHEREAS, on April 18, 2008, an Order of Restitution was entered by the Court, ordering that SAMUEL ISRAEL III, the defendant, pay a total of $300,000,000.00 in restitution to the persons, and in the individual amounts, identified on Attachment A of the Order of Restitution;

WHEREAS, on May 6, 2008, the Court entered a Distribution Order (the "Distribution Order") noting that there were additional investors in the Bayou Funds who redeemed all or part of their investment (the "Redeeming Investors") and may be ordered to return a part of their investment in connection with the bankruptcy proceeding, In Re Bayou Group LLC, et al, 06-22306 (ASH), taking place in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Action"), causing them to suffer a pecuniary loss from the Bayou Funds fraud;

WHEREAS, the Distribution Order noted that the Chief of the Asset Forfeiture Unit of the United States Attorney's Office for the Southern District of New York had represented that she would request that the Department of Justice apply its

Restoration Policy to transfer the funds forfeited in this action, in United States v. James G. Marquez, 06 Cr. 1138 (CM), and in United States v. Daniel E. Marino, 05 Cr. 1036 (CM) (the "Forfeited Funds"), to the Clerk of the Court to be distributed to the Bayou Funds fraud victims pursuant to the Order of Restitution entered in this action;

WHEREAS, the Distribution Order directed the Clerk of the Court to distribute the Forfeited Funds in the following manner:

1. 74.82% of the Forfeited Funds to be disbursed to the Bayou Fraud victims, in accordance with the Order of Restitution;
2. 25.18% of the Forfeited Funds to be held in reserve pending any amendment of the Court's Order of Restitution, and pending further order of the Court;

WHEREAS, on or about July 1, 2008, pursuant to the Department of Justice Restoration Policy the Forfeited Funds were transferred to the Clerk of the Court;

WHEREAS, the Clerk of the Court has distributed the Forfeited Funds to the Bayou Fraud victims in accordance with the May 6, 2008 Distribution Order;

WHEREAS, as of September 23, 2009, the Clerk of the Court is holding $29,482,038.07, in the reserve account set up in

in accordance with the Distribution Order;

WHEREAS, on June 26, 2009, following motions by certain Redeeming Investors who were ordered to return a part of their investment in connection with the Bankruptcy Action, causing them to suffer a pecuniary loss from the Bayou Funds fraud, an Amended Order of Restitution was entered against DANIEL E. MARINO, the defendant, in the amount of $300,000,000.00 payable to the persons, and in the individual amounts, identified on Attachment A and B to the Amended Order of Restitution; and

WHEREAS, on September 30, 2009, following motions by certain additional Redeeming Investors who were ordered to return a part of their investment in connection with the Bankruptcy Action, causing them to suffer a pecuniary loss from the Bayou Funds fraud, a Second Amended Order of Restitution was entered against DANIEL E. MARINO, the defendant, in the amount of $300,000,000.00 payable to the persons, and in the individual amounts, identified on Attachments A, B, C, and D to the Second Amended Order of Restitution;

WHEREAS, on September 30, 2009 the Court entered an Amended Distribution Order directing the Clerk of the Court to distribute certain Forfeited Funds to persons identified on Attachments B, C, and D to the Second Amended Order of Restitution;

WHEREAS, the Government has represented to the Court

that certain Redeeming Investors who still are actively litigating their claims in the Bankruptcy Action have requested clarification that the Amended Order of Restitution would not entirely deplete the reserve account and the Government agrees that the Amended Order of Restitution, which only directed a pro rata distribution to the victims listed on Attachments B, C, and D of the Second Amended Restitution Order, should not deplete the reserve account and that the requested clarification is appropriate;

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

      1.   In accordance with the Second Amended Restitution Order the Clerk of the Court is hereby directed to make a pro rata distribution of the Forfeited Funds to the names and victims listed on Attachment B and C of the Second Amended Restitution Order.

      2.   In accordance with the Second Amended Restitution Order the Clerk of the Court is hereby directed to make an additional distribution of the Forfeited Funds to the victim listed on Attachment D of the Second Amended Restitution Order in such an amount that, together with all prior distributions to the victim, total distribution to the victim will be equal to a pro rata distribution for the loss amount listed on Attachment D of the Second Amended Restitution Order, rather than for the lesser amount listed for that victim on Attachment A of the Amended

Restitution Order.

3. The pro rata distribution ordered herein should be made from the reserve account and should be pro rata to the previous distribution that the Clerk of the Court made to victims listed on Attachment A of the Restitution Order. The funds remaining after this distribution should remain in the reserve account pending further order of the Court.

4. The foregoing distribution of Forfeited Funds is in lieu of the distribution directed in the Amended Distribution Order; it is not an additional distribution.

Dated:   New York, New York
         October 5, 2009

SO ORDERED:

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

5