UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                                    05 Cr. 1039 (CM)

SAMUEL ISRAEL III,

             Defendant.

------------------------------------------------------------x

DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OR FOR
A STATEMENT PURSUANT TO FED. R. CRIM. P. 37(a)(3)

McMahon, C.J.:

       This court denied a pre-COVID motion for Mr. Israel's compassionate release by order dated December 4, 2019. Israel filed a notice of appeal from the court's order on December 11, 2019. The appeal has not yet been briefed or argued.

       Rather than file a new administrative request with the Warden of FCI Buttner for consideration for compassionate release in light of the COVID pandemic, Israel has moved before this court for reconsideration of its previous order in light of Mr. Israel's high risk of a poor outcome if he becomes infected with COVID while incarcerated– which he believes is highly likely, although apparently it has not happened yet.

       This court lacks jurisdiction over Israel's motion due to the pendency of his appeal– as the Government argues (Government Letter dated April 24, 2020) and Israel's counsel recognizes (Commissiong Letter, dated April 28, 2020). The motion is, therefore, denied.

       Israel has apparently moved in the Circuit to have his appeal held "in abeyance" and the case remanded to this court so that I will have jurisdiction to deal with the new argument relating to COVID. In the ordinary course, the Circuit asks the district court for its views on such a motion, pursuant to Fed. R. Crim. P. 37(a)(3). I am not inclined to grant the motion for reconsideration if the case is remanded to me, because Israel (1) has not yet asked the BoP to consider a post-COVID motion for compassionate release; and (2) did not have an open administrative application pending before the BoP at the time the COVID outbreak occurred, which would have given the Bureau an opportunity to opine on the issue. *See, e.g., United States v. Resnick*, No. 14 CR 810 (CM), 2020 WL 1651508 (S.D.N.Y. Apr. 2, 2020). I believe that Israel must exhaust his administrative remedies before this or any court can consider whether COVID makes him a candidate for compassionate release– or for furlough. *See United States v. Samet*, 01 Cr. 216 (CM), ECF Document #499 (S.D.N.Y. April 9, 2020); *see also United States*

v. *Raia*, __ F.3d __, 2020 WL 1647922, at * (3d Cir. Apr. 2, 2020); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Gileno*, No. 19 Cr. 161, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020). I would deny any remanded motion on that ground alone.

Intuiting this, Israel's counsel has instead asked this court to state that this motion raises a substantial issue. Because of Israel's failure to exhaust, I cannot and will not so state. This court has repeatedly indicated, from the date of Israel's sentencing on, that only if the BoP could not care for defendant would I consider a compassionate release motion– one that I am not otherwise inclined to grant, given the nature, duration and magnitude of Israel's crimes. In the absence of input from the Bureau about its ability to care of Israel during the COVID pandemic, I am not inclined to change my mind and grant a motion by a wealthy white collar criminal, who has a significant portion of his sentence left to serve, for compassionate release as long as the BoP has the ability to care for him.

Israel should file his application for compassionate release where it belongs: with the Bureau of Prisons. Until he exhausts, he raises no substantial issue.

Dated: May 4, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL