## ADAMS & COMMISSIONG LLP

ATTORNEYS AT LAW

| | |
|---|---|
| 65 BROADWAY SUITE 715 | MARTIN E. ADAMS |
| NEW YORK, NY 10006 | KARLOFF C. COMMISSIONG |
| TEL: 212-430-6590 | ADMITTED TO PRACTICE IN NEW YORK |
| FAX: 212-981-3305 | WWW.AMCMLAW.COM |

June 29, 2020

**VIA ELECTRONIC MAIL**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States v. Samuel Israel, III, 05 Cr. 1039 (CM)/08 Cr. 723 (KMK) – Motion for compassionate release

Dear Judge McMahon:

I write, once again, to plead for the compassionate release of Samuel Israel.

This Court has made it clear that the discretionary exercise of judicial compassion for a "wealthy white collar criminal" would be denied "as long as the BOP has the ability to care for him." For the reasons set forth below, that time has come.

## **Changed Circumstances**

Understandably, the Court must be thinking: "what has changed since the last time I decided that Samuel should remain in jail?" As counsel predicted, Samuel has contracted COVID-19.[1] The symptoms of COVID-19 - fever, cough, and shortness of breath – combined with Samuel's legion of medical conditions make him a prime candidate for death. And, surely, while this Court rightly imposed a harsh sentence upon Mr. Samuel, a sentence he well deserved, there is nothing in the record to suggest that the Court intended it to be a death sentence. But that is what it has become. Unless he is granted compassionate release, Samuel Israel will die a slow, painful, and humiliating death.

The government argued that since "Butner Low is one stand-alone prison among five", Samuel would be protected from a virus originating in Wuhan infecting more than 8 million people in a few months.[2] It represents the kind of thinking that has caused some to suggest that the virus would someday "magically disappear."[3] .

---

[1] See Samuel Israel Medical Records Attached as Exhibit A.
[2] See government letter dated April 24, 2020, at p. 3, FN 2.
[3] See Bruce Y. Lee, *Why Covid-19 Coronavirus Won't Just 'Go Away,' As Eric Trump Said, What Does Endemic*

### Samuel should be Released Immediately

██████████████████████████████████████████ is at COVID's mercy, which includes: (1) heart damage, (2) lung-scarring, (3) strokes, embolisms and blood clotting and (4) neurocognitive and mental health impacts.[4]  Since the Court's initial denial, Samuel ████████████ ████████████████████████████████████████████████████████████████. According to the CDC, immunocompromised people like Samuel are at a higher risk of death.[5]

As stated in prior submissions, Samuel's medical conditions clearly constitute a debilitated medical condition, and as a result, he is eligible for a sentence reduction from the BOP pursuant to 18 U.S.C. §3582(c)(1)(A).[6]  Additionally, a combination of factors outlined in General Barr's Memorandum dated March 26, 2020, strongly support a reduced sentence.  He is designated at FCI Butner Low, a low security facility in the federal penal system, and has not engaged in violent or gang-related activity.  Samuel was convicted of a non-violent offense, with a CHC I, has no history of violence or sex offenses and is a US citizen.  His PATTERN category is "LOW".[7]  Samuel has an appropriate release plan already submitted to the Court in our original submission.  He is neither a risk of flight nor a danger to the community.

Finally, most defendants, white-collar or not, have not experienced Samuel's severe medical conditions which have far exceeded that of most individuals sentenced in federal court.[8]

### Current Conditions within FMC Butner

As of June 29, 2020, the BOP reported 580 inmate and 5 staff infections, at FCI Butner Low, where Samuel is housed; 5 inmate and 4 staff infections at FMC Butner; 5 inmate and 2 staff infections at FCI Butner Medium I; and 1 inmate and 1 staff infection at FCI Butner Medium II.

---

*Mean*, (May 17, 2020) https://www.forbes.com/sites/brucelee/2020/05/17/why-covid-19-coronavirus-will-not-just-go-away-what-does-endemic-mean/#49a634be6598

[4] See Lois Parshley, *The emerging long-term complications of Covid-19, explained*, Vox, (Jun. 12, 2020), https://www.vox.com/2020/5/8/21251899/coronavirus-long-term-effects-symptoms

[5] See People Who Are At Higher Risk For Severe Illness, CDC, https://www.cdc.gov/coronavirus/2019-ncov/needextraprecautions/people-at-higher-risk.html (last accessed Jun. 2, 2020).

[6] See BOP Program Statement 5050.49 §3(b)

[7] See https://apps.urban.org/features/risk-assessment/

[8] See United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *8 (S.D.N.Y. Jan. 8, 2020). (it seems likely that no one who might be considering committing accounting fraud would view his sentence as lenient.)

The government will, as it always does, give the BOP far more credit than is warranted for its COVID-19 plans.  However, the BOPs failures include: (1) staff ignored or minimized prisoners' COVID-19 symptoms, and mixed the sick and healthy together in haphazard quarantines; thousands of prisoners were shipped around the country in February and early March, taking the virus with them, according to BOP records obtained by VICE News and The Marshall Project; correctional officers and other staff felt pressured to work even after being exposed to sick prisoners; the BOP failed to follow its own pandemic response plan, which called for spacing out prisoners; photos and videos show sick men in bunk beds just two feet apart; prisoners reported being quarantined in filthy buildings that had been vacant for years or in tents that flooded during rainstorms; some described listening to their friends dying around them.[9]  As of May 18, 2020, the BOP implemented Phase 7, to contain the spread of COVID-19.  How many more BOP phases must we wait for until Samuel dies in BOP custody?

## Conclusion

Dostoyevsky wrote that, "a society should be judged not by how it treats its outstanding citizens but by how it treats its criminals."  Your Honor never sentenced Samuel to death.  A decision denying his release, will not only be a requiem for Samuel, but a requiem for compassion as well.

We ask that this Court grant Samuel an immediate compassionate release.

Respectfully Submitted,

Karloff C. Commissiong, Esq.

cc:   Hon. Kenneth Karas, United States District Court Judge (Via Electronic Mail)
      A.U.S.A. Sarah Krissoff (Via Electronic Mail)
      A.U.S.A. Margery Feinzig (Via Electronic Mail)

---

[9] See Keri Blakinger and Keegan Hamilton, *"I Begged Them To Let Me Die": How Federal Prisons Became Coronavirus Death Traps.*, The Marshall Project (Jun. 18, 2020), https://www.themarshallproject.org/2020/06/18/i-begged-them-to-let-me-die-how-federal-prisons-became-coronavirus-death-traps