## ADAMS & COMMISSIONG LLP

### ATTORNEYS AT LAW

65 BROADWAY SUITE 715
NEW YORK, NY 10006
TEL: 212-430-6590
FAX: 212-981-3305

MARTIN E. ADAMS
KARLOFF C. COMMISSIONG
ADMITTED TO PRACTICE IN NEW YORK
WWW.AMCMLAW.COM

July 12, 2022

**VIA ELECTRONIC MAIL**

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Samuel Israel, III, 05 Cr. 1039 (CM)</u> – Motion for Return of Property

Dear Judge McMahon:

I write pursuant to Fed. R. Crim. P. 41(g), to request that the Court issue an order directing the government to return to Mr. Israel, a "Rusty metal box w/seal entitled Federal Reserve – United States of America"[1] of property to Mr. Samuel Israel ("the Box"), and 2) the property contained within the Box, including 250 "Federal Reserve Bonds"; 4 "Green Cards"; 1 "Inventory List"; 1 "Insurance Certificate"; 1 "Treasury Certificate"; 1 "Certificate of Deposit"; 1 "Gold Bullion Certificate"; 1 "Bank Certificate"' and 1 "Global Immunity".[2]  In the alternative, I request that the Court issue an order directing the government to show cause why an order should not be entered pursuant to Rule 41(g) directing the government to release forthwith the property seized from the defendant.

### Preliminary Statement

On September 29, 2005 ("2005 sentencing"), Samuel Israel pled guilty to conspiracy to commit investment adviser fraud and mail fraud, investment adviser fraud and mail fraud.  He was sentenced to 240 months in prison on April 14, 2008.  At sentencing, the Court ordered that Mr. Israel to surrender on June 9, 2008.  He failed to surrender, and evaded law enforcement.  Samuel Israel was subsequently arrested and remanded on July 2, 2008.  He was charged with failure to surrender, and subsequently pled guilty on March 16, 2009.  On July 23, 2009 ("2009 sentencing"), Mr. Israel was sentenced to 24

---

[1] <u>See</u> "Letter from the government addressed to Mr. Samuel Israel dated February 3, 2012 - Bayou/Israel Property in the Possession of the FBI", attached as Exhibit A.  Without any basis, this letter described the contents of the Box as "fraudulent".

[2] The requested Order, would direct the government to comply with the Court's earlier Order, dated September 26, 2011, directing the government to return all returnable property to Mr. Israel.

months imprisonment.

On September 13, 2011, Mr. Israel filed a motion for the return of various property, including the Box and its contents. [3]  The Court subsequently issued an Order stating that the government, "…is to return any seized property of defendant that is properly returnable at this juncture."[4]  The government did not return the Box to Mr. Israel.

In a letter filed by Mr. Israel, dated November 28, 2011, and titled, "ORDER Show Cause Motion", Mr. Israel referenced the September 13, 2011 motion, stating that the government had not returned all of his property and asked the Cout for an additional Order, "directing the United States to fully provide a list of property it seized, retained…controlled at anytime and controls at this point in time."[5]  The Court issued an Order on December 9, 2011, denying the motion, stating "No further order will issue" with respect to the matter of returnable property.[6]

The government is in possession of the Box and has yet to return it to Mr. Israel.[7]

## Applicable Law

In the absence of statutory forfeiture, consent of the defendant or some other legal basis, there is no justification for the government to continue to hold Mr. Israel's property. Federal Rule of Criminal Procedure 41(g) provides, in pertinent part that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant but may impose reasonable conditions to protect access to the property and its use in later proceedings.

See Fed. R. Crim. P. 41(g).

A defendant is not entitled to the return of contraband.  See United States v. Melville, S.D.N.Y.1970, 309 F. Supp. 829.  However, where there is no evidence that property was

---

[3] See Motion for Return of Property, attached as Exhibit B.

[4] Id. (Order issued on September 26, 2011)

[5] See Letter to the Court dated November 28, 2011, attached as Exhibit C.

[6] Id.

[7] See Exhibit A.

used in furtherance of criminal activities, and as a result, constituted derivative contraband, or fruit of criminal activity, the government has no basis to retain seized property.  In re Wiltron Associates, Limited, S.D.N.Y.1970, 49 F.R.D. 170.  A criminal defendant is presumed to have the right to return of his property once it is no longer needed as evidence, and the burden is on the government to show that it has legitimate reason to retain the property.  See United States v. Mills, C.A.9 (Cal.) 1993, 991 F.2d 609.

### Discussion

The government has not provided any legal basis upon which to continue to hold Mr. Israel's Box and its contents.  A list provided by the government in Exhibit A, described the contents in the Box, as "fraudulent".[8]  However, the government has made this determination based solely upon conjecture and has used that conjecture to make a baseless assertion.

Further, even if the contents of the Box are not what they purport to be, there still is no legal basis upon which the government may retain the Box and its contents.  The government has not shown that any of the contents of the Box, were used (or intended to be used) in furtherance of criminal activities, and as a result, constituted derivative contraband, or were fruit of criminal activity, the government has no basis to retain the Box and its contents.

Accordingly, I respectfully request that the Court issue an order directing the government to show cause why an order should not be entered pursuant to Rule 41(g) directing the government to release forthwith the property seized from the defendant.


Respectfully Submitted,

Karloff C. Commissiong, Esq.

Encl:   (1)  Exhibit A - Government letter dated February 3, 2012
        (2)  Exhibit B – Motion for Return of Property
        (3)  Exhibit C – Letter to Court dated November 28, 2011


cc:     A.U.S.A. Margery Feinzig

---

[8] See Exhibit A.